McCay, Judge.
1. Under our Code, section 2965, an owner of land may sue a *315 ■trespasser, even if the owner has never had possession. This is a change of the common law, but it is a positive legislative provision, and is required by the circumstances of the country.
2. By the demurrer, the charges of the declaration are admitted. In this case, it admits that the defendant, without authority, and against plaintiff’s consent, took, etc. The seven years bar is based upon presumption of a grant; this, in terms, admits there was no right, or claim of- right. Title by prescription must be based on, at least, a claim of right. We *think, therefore, the plaintiffs declaration was not demurrable. The statute of limitations, as against a trespass, should have been pleaded. The recovery could go no further back than the time fixed by law for an action of trespass.
3. There is nothing in the charter denying to land-owners this right of action for trespass which he has at common law. If the railroad company desi-red to use its privileges under the charter, it was its right and duty to do so. But that mode of proceeding is not obligatory on the owner. The company may force him to that course by moving itself; but until that be done, the company is a trespasser, if the land owner so pleases to elect.
Judgment affirmed.