McLendon *vs.* The West Point and Atlanta Railroad Company.

JESSE MCLENDON, plaintiff in error, *vs.* THE ATLANTA AND WEST POINT RAILROAD COMPANY, defendant in error.

<div style="float:right">
54 293
f107 842
107 848

54 293
f112 850
</div>

1. When a railroad company appropriates land for its road-bed and track, without the consent of the owner of the land, and without condemning the land under the charter, a right of action accrues to such owner. But a subsequent purchaser cannot sustain an action against the company for the value of the land, nor for the use and occupation of the right of way, as on an implied promise to pay him therefor.

2. A demand for damages caused by a trespass on land cannot, under section 3261 of the Code, be joined with a demand for the use and occupation of such land.

3. The question of adverse possession in this case, was a question of fact, and there is evidence in the record to support the verdict.

Railroads. Land. Damages. Actions. New trial. Before Judge BUCHANAN. Troup Superior Court. May Term, 1874.

On December 26th, 1872, McLendon brought assumpsit against the Atlanta and West Point Railroad Company for $10,000 00. In the first count, he alleged that the defendant was indebted to him $3,500 00 for the use and occupation of a right of way through certain lands of his from February 1st, 1853, to December 20th, 1872. In the second count, he claimed the same amount as due him for the same causes on a *quantum meruit.* In the third, he alleged that on February 1st, 1853, the defendant took possession of a certain strip of land belonging to him, and has since occupied it as a right of way, and that it is of the value of $3,500 00; that the defendant has received and enjoyed the profits of said land and of the right of way, of the annual value of $200 00; that it refuses to deliver the said land to the plaintiff or to pay him the profits thereof.

The defendant pleaded as follows: 1st. Title in itself to right of way by reason of twenty years' possession thereof before suit brought; that for more than seven years before the commencement of suit it has used said right of way without hindrance by the plaintiff or any one else. 2d. The statute of limitations as to all of plaintiff's demand which accrued

more than four years prior to suit brought. 3d. That plaintiff agreed to donate to the defendant said right of way, in consideration of the location and building of its road through his land.

Evidence was introduced to show that the defendant took possession of the strip of land alluded to in the declaration for the purpose of grading, etc., in the latter part of the year 1851, or first of the year 1852, and had exclusive possession by its cars running thereover, in 1853, and had so held the same ever since. The value of such use and occupation was proven. It was shown that the land over which said right of way passed was in litigation at the time of the location of defendant's road thereon, and so continued until the year 1856, when the plaintiff purchased the interests of the respective contending parties and took conveyances thereto. It was proven that the plaintiff was a director of the defendant from the time of the location of said road until February 26th, 1869. There was evidence to show that when the road was located the plaintiff had said that if he obtained the title to the land in litigation he would give the right of way to the defendant; and that he had frequently since said that he had given such right of way.

There was much other testimony not material here. The jury found for the defendant. The plaintiff moved for a new trial upon the following, amongst other grounds:

1st. Because the court erred in charging the jury " that if the defendant claimed title adversely to the plaintiff, to the right of way mentioned in the plaintiff's declaration, and if the defendant's possession was adverse to plaintiff's title, the action for use and occupation cannot be sustained.

2d. Because the court erred in charging the jury as follows: "If, while the title to the land was in others, the defendant occupied the same without their objection, and had been so in possession for years previous to the plaintiff's purchase, and the plaintiff, after his purchase, made no objection to said right of way or interfered with the enjoyment thereof until it had been so occupied for seven years, he cannot afterwards

McLendon *vs.* The West Point and Atlanta Railroad Company.

set up title against the defendant as to the right to use said right of way."

3d. Because the court erred in refusing to charge the jury as follows: "The plaintiff is not debarred of his action by the mere possession, use or occupation by the defendant of the right of way and land in question, unless it appears that the defendant has pursued the mode pointed out in its charter in relation to acquiring the right of possession and right of way."

4th. Because the verdict was contrary to the law and the evidence.

The motion was overruled, and the plaintiff excepted.

B. H. BIGHAM, for plaintiff in error.

A. W. HAMMOND & SON, for defendants.

McCAY, Judge.

1, 2. This action is of a very anomalous character. The declaration goes upon two ideas: 1st. It assumes that the defendant has been using a right of way over the plaintiff's land with his consent, and that therefore there is an implied promise on the part of the railroad to pay to the plaintiff what such use is reasonably worth for each year. 2d. It assumes that the defendant had, with plaintiff's consent, *taken* a right of way over his land, intending thereby to assert ownership over it, under an implied promise to pay him its value, and there is a count in the declaration for the value of the land based on this implied promise. Under the evidence in the case, it is very plain that this count for the value of the land, based on the implied promise, is not sustainable, and this for the very plain reason that the plaintiff was not the owner of the land when it was taken. If the original taking was under such circumstances as to raise an implied promise to pay its value to the owner, the right of action would be in the person who was the owner at the time, and not in the plaintiff. Besides, the statute of limitations, which was formerly pleaded, would be a complete reply to an action on such promise, which at best would be barred in four years.

3. Whether the other counts, sounding as they also do in contract, can be sustained, turns upon the question of adverse possession. If the right of way was used by the consent of the plaintiff, the company recognizing his right and acknowledging him as its landlord, as it were, then we see no reason why an action on an implied assumpsit for the yearly value of this use, will not lie; but if the possession be and has been adverse, the company has plainly a title by prescription; nor, as this court has decided in 19 *Georgia*, 313, would an action for *use and occupation* lie, even if the time of the adverse holding were not long enough for a prescriptive title. It was contended in the argument that these counts for use and occupation might be treated as claims for damages for the trespass; but, under our Code, trespass and an action on a contract cannot be joined: See Code, sec. 3261. Besides, whilst we are not disposed to hold parties to very strict rules, we think it would be going quite too far to give the statements in the declaration that meaning. The question of adverse possession was fairly and distinctly left to the jury by the judge, and, under the evidence, the jury might well have found in favor of the defendant on that issue. The letters of Mr. Grant and Mr. King do not amount to any recognition of the plaintiff's claim. They refer to it only as a claim, and do not at all recognize its justice, extent, or even its precise nature.

Judgment affirmed.