### GREEN *et al. v.* SOUTH BOUND RAILROAD CO. *et al.*

Where a railroad company entered into the actual possession of land, constructing and putting in operation its line of road thereon, whether with or without the owner's consent, a subsequent purchaser of the land takes it subject to the burden of the railroad, and has no right of action against the company for the value of the land so appropriated.

Submitted February 4, — Decided February 28, 1901.

Ejectment.   Before Judge Seabrook.   Effingham superior court. May 16, 1900.

*R. W. Sheppard, Gignilliat & Stubbs,* and *Lester & Ravenel,* for plaintiffs.   *Denmark, Adams & Freeman,* for defendant.

FISH, J.   The plaintiffs below began an action against the railroad company to recover in ejectment a certain strip of land 300 feet wide and about one mile long, occupied by the defendant as a right of way for its railroad track.   When the case came on for trial, the plaintiffs acquiesced in a judgment to the effect that they could not maintain their action of ejectment.   Thereupon they filed an amendment by which they sought to recover the money value of the premises in dispute.   The bill of exceptions shows that this amendment was allowed over the defendant's objection, but it is not here by cross-bill, or otherwise, alleging error in the allowance of this amendment.   No question, therefore, is made as to the pleadings.   At the conclusion of the evidence for the plaintiffs the defendant moved for a nonsuit, upon the ground, among others, that it appeared from their evidence that the plaintiffs purchased the land sued for after defendant's railroad was constructed and put in operation thereon, and that, therefore, plaintiffs could not recover the value of the land.   Plaintiffs were nonsuited, and thereupon excepted.

54

The only question presented is whether the plaintiffs made out a prima facie right to recover. It is well settled that where a railroad company has entered into the actual possession of land, whether with or without the consent of the owner, by constructing and operating its line of road thereon, a subsequent purchaser of the land takes it subject to the burden of the railroad, and has no right of action against the company for the value of the land so appropriated. McLendon v. Railroad Co., 54 Ga. 293; Allen v. Railroad Co., 107 Ga. 838; Roberts v. Railroad Co., 158 U. S. 1. The evidence for the plaintiffs was clear and positive that the defendant's present line of railroad was constructed and put in operation over the land in question in 1889 or 1890, and that plaintiffs did not purchase the land until August 9, 1893. It follows that the granting of a nonsuit was proper.

Judgment affirmed. All the Justices concurring, except Simmons, C. J., and Cobb, J., absent.