KING et al. v. SOUTHERN RY. CO.

(Circuit Court, N. D. Georgia, E. D.   October 29, 1902.)

1. RAILROADS—APPROPRIATION OF LAND—RECOVERY BY SUBSEQUENT VENDEE.
     Where a railroad company has entered into actual possession of land and erected a depot thereon, whether with or without the owner's consent, a subsequent vendee of the land from the owner cannot recover either the land or its value from the railroad company.

2. SAME—DECLARATION—DEMURRER.
     Where, in an action to recover land, the abstract of title attached to the declaration showed that the conveyance to plaintiffs was made November 4, 1900, and it was alleged that defendant's railroad depot was located thereon, and that defendant had received the rents and profits from the land since August 1, 1897, the declaration showed on its face that the railroad company had been in actual occupancy of the land for depot purposes prior to the time when plaintiffs acquired title thereto, and was therefore demurrable.

J. E. Edwards, for plaintiffs.
Sanders McDaniel and J. J. Bowden, for defendant.

NEWMAN, District Judge.   This is a suit by the plaintiffs to recover of the defendant railroad company a certain piece of land in Habersham county, Ga.   After describing the land in their declaration, the plaintiffs say, "the Southern Railway Company's depot at Cornelia, Georgia, being located thereon."   It is further alleged that "the Southern Railway Company has received the rents and profits from said land since the 1st day of August, 1897."   The abstract of title attached to the declaration shows that the conveyance to the plaintiffs was made November 4, 1900.

It is well settled by the authorities that where a railroad company has entered into actual possession of land for railroad purposes, either with or without the owner's consent, a subsequent vendee cannot recover the land.   The supreme court of the United States in Roberts v. Railroad Co., 158 U. S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873, holds this, quoting from the syllabus:

"When a railroad company, having the power of eminent domain, has entered into actual possession of lands necessary for its corporate purposes, whether with or without the consent of their owner, a subsequent vendee of the latter takes the land subject to the burden of the railroad; and the right to payment from the railroad company, if it entered by virtue of an agreement to pay, or to damages, if the entry was unauthorized, belongs to the owner at the time the railroad company took possession."

¶ 1. See Eminent Domain, vol. 18, Cent. Dig. § 408.

The supreme court of Georgia in Green v. Railroad Co., 112 Ga. 849, 38 S. E. 81, discussing this question in the opinion, say:

"It is well settled that where a railroad company has entered into the actual possession of land, whether with or without the consent of the owner, by constructing and operating its line of road thereon, a subsequent purchaser of the land takes it subject to the burden of the railroad, and has no right of action against the company for the value of the land so appropriated."

—Citing, McLendon v. Railroad Co., 54 Ga. 293; Allen v. Railroad Co., 107 Ga. 838, 33 S. E. 696; Roberts v. Railroad Co., supra.

The law being thus well settled, the only question is whether in this declaration, to which a demurrer is interposed, it is clearly shown that the railroad company entered into possession of this land prior to the conveyance to the plaintiffs. I think it does. Taking the two statements in the declaration together, that the depot of the Southern Railway Company at Cornelia is located on the land, and that it has received the rents and profits since 1897, no reasonable conclusion could be reached except that the railroad company has been occupying it for depot purposes since 1897. The land sought to be recovered is only one-fourth of an acre, and an ordinary railroad depot, with the usual platforms and appurtenances, would hardly occupy much less land than this. So it is reasonable to suppose that the land on which the depot is located, and such as is really appurtenant to, and immediately connected with, it, is what is sought to be recovered.

It is perfectly clear that the declaration fails to set forth a cause of action, and the demurrer is therefore sustained.