## COBB *v.* WRIGHTSVILLE & TENNILLE RAILROAD CO.

1. Where the granting clause of a deed set out a grant to a woman, "her heirs and assigns," and the habendum clause was "to have and to hold . . unto the said [woman], her heirs and assigns forever, in fee simple, and after her death to such child or children as she may have by [a named man], share and share alike," such deed created a life-estate in the woman, with remainder to such children as she might have by the man named.

2. Where in an action of trespass it was alleged that a railroad company wrongfully took a strip of land belonging to the plaintiff, constructed its railroad thereon, and held it as a right of way, and that such right of way divided the plaintiff's land into two parts and thus lessened its value, this set up a complete act of trespass of a permanent nature, causing at once all the damage both from the taking of the strip and from the dividing of the other land of the plaintiff into two parts; and the statute of limitations began to run against the action from the time when the land was taken and the road constructed. If the plaintiff was a minor, it was suspended until her arrival at the age of twenty-one years.

3. This is not an action to recover land with mesne profits; which are recoverable in one action under the law of this State.

4. Where a woman claimed the land involved in the suit, as remainderman under the deed set out in the first note above, and alleged that she was the daughter of the woman named as grantee for life, but failed to allege that she was the daughter of the man whose children the remaindermen were also to be, she set out no right to recover for trespass upon the land, and her petition was demurrable.

Argued June 4,—Decided October 8, 1907.

Action for damages. Before Judge Rawlings. Johnson superior court. September 17, 1906.

Mrs. Cobb brought suit against the Wrightsville & Tennille Railroad Company, alleging as follows: The defendant has injured and damaged her in the sum of $2,000. She is the owner of certain described land. Without her knowledge or consent, about the year 1885, the defendant took possession of a strip of land extending across her tract, constructed its railroad thereon, and has since continuously used and occupied it as a right of way, and is now in possession of such strip of land, 120 feet wide by 1125 yards long. This strip is of the value of $500, and of the yearly value, for use, of $100. The construction of the railroad over her land injured and damaged it in the sum of $500, by cutting it up in "ill shape and otherwise destroying the value of said land." Plaintiff's title arose under a deed which conveyed the land to her mother for life, with remainder to her. The life-tenant, Mary A. Crawford, died in 1884. Plaintiff was born in 1878, and is now twenty-five years of age. Since the company illegally took possession of the land, she has had no representative who was authorized to grant to the defendant authority to construct a railroad over it; and therefore the construction and possession was illegal and a trespass; and it has so continued. She prayed damages against the defendant for illegal occupancy of the land, for its yearly value for nineteen years, for the damage to her other land, for the value of the land so occupied, and for such other and further relief as the exigencies of this cause may demand. Attached to the petition, as an exhibit, setting out the plaintiff's title, was a deed dated December 17, 1881. In it William T. Crawford was named as the party of the first part, and Mary A. Crawford as the party of the second part. The consideration expressed was $61. The granting clause was, "unto said Mary A. Crawford, her heirs and assigns." The habendum

clause was as follows: "To have and to hold the aforesaid bargained premises unto the said Mary A. Crawford, her heirs and assigns, forever in fee simple; and after her death to such child or children as she may have by the said W. T. Crawford, share and share alike. And the said William T. Crawford to the will and his heirs, executors, and administrators, shall the said property to the said Mary A. Crawford, her heirs, executors, and administrator, forever warrant and defend against the lawful claim or claims of all persons whatsoever."

The defendant demurred to the petition, on the grounds, that it set forth no cause of action; that it showed no title or interest in the plaintiff, under the allegations and exhibit attached, but under the deed the title was in Mary A. Crawford; that the action was barred by the statute of limitations, not having been filed within four years of the alleged trespass, or within four years after the removal of plaintiff's disabilities; that any cause of action for illegal occupancy would be barred in four years; that the petition set up distinct and inconsistent causes of action, which could not be joined, and also inconsistent prayers; and that the prayers seek to recover twice for the same alleged injury. The demurrer was sustained, and the plaintiff excepted.

*W. R. Daley, T. L. Griner,* and *J. S. Adams,* for plaintiff.

*Daley & Bussey,* for defendant.

LUMPKIN, J. (After stating the facts.)

1. Since the adoption of the original code, taking effect in 1863, the strictness of the old rule as to repugnant clauses in a deed has been much modified. Substance, rather than technical nicety in the location of clauses, is controlling. The intention of the parties is the cardinal rule of construction. If it be clear, and sufficient words be used to arrive at the intention, and it contravenes no rule of law, it is to be enforced, and is not to be sacrificed to arbitrary rules of construction. Civil Code, §3673. "If two clauses in a deed be utterly inconsistent, the former must prevail, but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." Civil Code, §3607. The modern trend of decisions is in this direction. 13 Cyc. 618. Here the granting clause of the deed was to "Mary A. Crawford, her heirs and assigns." The habendum clause was "to have and to hold . . unto the said

Mary A. Crawford, her heirs and assigns, forever in fee-simple; and after her death to such child or children as she may have by the said W. T. Crawford, share and share alike." Construing the whole deed together, we think it was clearly the intention of the maker to create a life-estate in Mary A. Crawford, with remainder to such child or children as she might have by W. T. Crawford. *Thurmond* v. *Thurmond,* 88 *Ga.* 182 (14 S. E. 198) ; *Rollins* v. *Davis,* 96 *Ga.* 107 (23 S. E. 392) ; *Henderson* v. *Sawyer,* 99 *Ga.* 234 (25 S. E. 312) ; *Huie* v. *McDaniel,* 105 *Ga.* 319 (31 S. E. 198) ; *Collinsville Granite Co.* v. *Phillips,* 123 *Ga.* 830 (6), 838 (51 S. E. 666).

2, 3. "A nuisance, permanent and continuing in its character, the destruction or damage being at once complete upon the completion of the act by which the nuisance is created, gives but one right of action, which accrues immediately upon the creation of the nuisance, and against which the statute of limitations begins, from that time, to run. . . Where a nuisance is not permanent in its character, but is one which can and should be abated by the person erecting or maintaining it, every continuance of the nuisance is a fresh nuisance for which a fresh action will lie." *City Council of Augusta* v. *Lombard,* 101 *Ga.* 727 (28 S. E. 994), and cases cited; Parks *v.* Ingram, 22 N. H. 283 (55 Am. Dec. 153). Where a structure, though permanent in character, is not necessarily and of itself a permanent and continuing nuisance, but becomes so in consequence of some supervening cause which produces special injury at different periods, separate actions may be brought, and the statute of limitations begins to run when the special injury is occasioned. *Lombard's* case, supra. Here the taking of a right of way and the constructing of a railroad was a complete act, permanent in its nature. If the taking was a trespass, the loss of the value of the land to the true owner then occurred; and if the construction of the railroad through the plaintiff's land damaged its value by dividing it into two parts, the damage was then consummated and complete. The cause of action then arose to the plaintiff, and the statute of limitations began to run against her. If she was a minor, it was suspended during her minority. Actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues. Civil Code, §3898. It is evident that the plaintiff

was barred from suing for the damage arising from taking the land alleged to be hers, and from the dividing of her other land into two parts by the construction of a railway.

It is contended that the retention of possession by the defendant constituted a continuing trespass, and that the statute did not run. "Damages for a continuing trespass are limited to those which have occurred before action is commenced. Subsequent damages flowing from a continuance of the trespass give a new cause of action." Civil Code, § 3884. But, as already shown, this was not a continuing trespass or nuisance, which should be stopped or abated, but a complete and perfect act, permanent in its nature, from which apparently all the damages alleged to the plaintiff's property which ever would happen had already occurred. It was not alleged that from the operation of the road any additional damages had resulted, or that there was a continuous, progressive, or added injury. *Danielly* v. *Cheeves*, 94 *Ga.* 263 (3) (21 S. E. 524). This is not an action of ejectment, with an added prayer for mesne profits, which, under our code, are recoverable by a plaintiff in ejectment in that action and not by a separate suit. Civil Code, §§ 4997, 4998. Even if a separate action could have been brought, on the ground that the unlawful retention of possession of the strip had deprived the plaintiff of its use during the four years last passed, and caused a continuing injury to the remainder of the land, certain it is that a plaintiff can not recover both for the entire value of the strip of land taken and also for the loss of its use, nor for the entire depreciation in value of the rest of the land, and also its depreciation for four years.

4. The deed under which the plaintiff claimed title created a life-estate in Mary A. Crawford, with remainder to such child or children as she might have by W. T. Crawford, share and share alike. The plaintiff alleged that she was the daughter of Mary A. Crawford, but did not allege that she was the daughter of W. T. Crawford. She thus failed to show that she was entitled to bring the action.

The demurrer was properly sustained.

*Judgment affirmed. All the Justices concur, except Evans, J., disqualified.*