ADAMS *v.* MACON, DUBLIN & SAVANNAH RAILROAD CO.

1. A suit to recover damages to realty must be brought within four years after the right of action accrues.

2. Where an action of trespass was brought against a railroad corporation in 1911, to recover damages for appropriating for a right of way certain land belonging to the plaintiff, and the petition alleged that in the year 1901 the corporation had built its road on the land and held it for a railroad right of way, to the injury and damage of the plaintiff in a certain sum, such petition was subject to a demurrer which recited that the petition showed on its face that the plaintiff's cause of action, if any

he ever had, was barred by the statute of limitations, the same being alleged to have occurred more than four years before the filing of the suit.

3. The cases of *A. & G. R. Co.* v. *Fuller*, 48 *Ga.* 423, and *Cobb* v. *W. & T. R. Co.*, 129 *Ga.* 377 (58 S. E. 862), distinguished.

MAY 19, 1914.

Action for damages. Before Judge Graham. Montgomery superior court. May 7, 1913.

*Hal B. Wimberly*, for plaintiff.  *Minter Wimberly, Akerman, Akerman & McManus*, and *W. L. Wilson*, for defendant.

HILL, J.  The plaintiff, W. R. Adams, brought suit in 1911 against the Macon, Dublin and Savannah Railroad Company, alleging that in the year 1901 the defendant, without the consent of the plaintiff and without any authority of law, appropriated fifty acres, more or less, of plaintiff's land for a railroad right of way, to the injury and damage of the plaintiff in the sum of $2,000, for which sum recovery was prayed.  A demurrer was filed by the defendant, on the ground that the alleged cause of action was barred by the statute of limitations.  The demurrer was sustained by the court, and the plaintiff excepted.

Section 4495 of the Civil Code provides that "All actions for trespass upon or damages to realty shall be brought within four years after the right of action accrues."  This is not an action of ejectment to recover the land alleged to have been appropriated. The suit is against the corporation as a tort-feasor, and to recover damages for the injury done to the realty.  In such a case the suit must be brought within four years, which was not done in this case.  But it is argued that it was the duty of the railroad company to have obtained the right of way in the manner pointed out in the code, by condemnation proceedings, and, it having failed to do this, every day the corporation continued to occupy the land without condemning it as provided by law the corporation was a trespasser, and therefore the action was not barred.  This argument is answered by the ruling made in the case of *Cobb* v. *Wrightsville & Tennille Railroad Co.*, 129 *Ga.* 377 (58 S. E. 862), where it was held: "Where in an action of trespass it was alleged that a railroad company wrongfully took a strip of land belonging to the plaintiff, constructed its railroad thereon, and held it as a right of way, and that such right of way divided the plaintiff's land into two parts and thus lessened its value, this set up a complete act of

trespass of a permanent nature, causing at once all the damage both from the taking of the strip and from the dividing of the other land of the plaintiff into two parts; and the statute of limitations began to run against the action from the time when the land was taken and the road constructed." But it is insisted further by the plaintiff that the ruling in the *Cobb* case is in direct conflict with the decision of this court in the case of *Atlantic & Gulf R. Co.* v. *Fuller,* 48 *Ga.* 423; and we are asked to review the *Cobb* case, and, if it is found to be so in conflict, to overrule it. The rulings in the two cases do not conflict. In the *Fuller* case there was a motion to dismiss the petition. In the opinion the court said: "The statute of limitations, as against a trespass, should have been .pleaded. The recovery could go no further back than the time fixed by law for an action of trespass." The court did not intend to abolish a section of the code fixing the limitation of actions in trespass, but simply ruled, that, in a case where the damages sought to be recovered were alleged to have extended over more than four years, the statute should have been pleaded, and that a motion to dismiss the case as a whole was not good.

The petition in this case showing on its face that it was barred by the statute of limitations, and making no case of recurring injuries, the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*