CENTRAL OF GEORGIA RAILWAY COMPANY *v.* STANDARD FUEL SUPPLY COMPANY.

1. If a landowner, knowing- of the construction of a railroad-track on his land, remains inactive and permits the railroad company to go on and complete its track and operate a railroad thereon, he will be deemed to have acquiesced in its construction; and a subsequent vendee of the owner takes the land subject to the burden of the railroad.

2. Such subsequent vendee, as the owner of the servient estate, may object to the enlargement of the easement of right of way of the railroad company.

3. The extent and nature of the easement acquired in this case being determined by its own special facts, some of which are in dispute, the court did not err in preserving the status pendente lite.

4. The maps which were introduced in evidence over objection seem to be irrelevant to any issue made in the case, but the error of receiving them in evidence does not require a reversal of the judgment.
SEPTEMBER 16, 1915.

Injunction. Before Judge Charlton. Chatham superior court. December 12, 1914.

The Central of Georgia Railway Company was proceeding to make certain changes in its track at a point between Lincoln and Abercorn Streets in the City of Savannah. The changes contemplated the substitution of a higher and heavier rail, and the paving between the rails and two feet on each side thereof with granite blocks. The Standard Fuel Supply Company filed a petition to enjoin the proposed improvements. In this petition it alleged, that it was the owner of a certain portion of wharf lots 1, 2, and 3, Reynolds Ward; that its predecessors in title had dedi-

cated a street twenty feet in width from the extreme southern portion of the property; that the railroad-track was upon petitioner's property abutting on the dedicated street (which is known as River Street); that the City of Savannah and the railroad company claimed the street to be of a greater width than twenty feet, and to include the ground on which the railroad-track was constructed; that the city had passed an ordinance for the paving of River Street; that the substitution of heavier rail and the paving by the railroad company was a conspiracy between the company and the city to devote petitioner's property to a public use without its consent and without compensation; and that petitioner had begun to erect certain buildings on the property it claimed to own, and the railroad company had pulled down some portions of this work. The city and the railroad company were made parties defendant; and the prayers were to enjoin them from paving the ground on which the track rested; from putting thereon any new rails, cross-ties, or other fixtures; from changing the present grade of the land, or doing anything in furtherance of the paving ordinance, so far as the land claimed by petitioner was concerned; and from interference with the improvements in course of erection on the premises.

The railway company answered, that the land which petitioner claimed was a part of River Street, but that, irrespective of whether or not the land on which the track was laid was a part of River Street, the railway company had an easement for a right of way through the property; and that it did not intend to change the grade of the land on which its track was constructed, but it intended to relay the track with heavier rails, put in new cross-ties, and pave the space between the track and two feet on each side of it with Belgian block, as a substitute for the planking with which the track had been formerly paved. All charges of conspiracy with the city were denied. The company also averred that the petitioner, by sundry acts and threats, was interfering with the operation of its railroad, and prayed for an injunction against these. The Mayor and Aldermen of the City of Savannah filed an answer, in which was set out the ordinance providing for the paving of River Street between Lincoln and Abercorn Streets, the purport of which was that the portion of River Street to be paved in front of the petitioner's property would be only the

space of twenty feet, conceded by petitioner to be a public street. It was averred, that the city had no intention of paving any other portion of the open way claimed by petitioner as its private property, or to change the grade of the street; that it had not conspired with the railway company to affect in any manner the claims of the petitioner; and that after the institution of petitioner's suit the ordinance was so amended as to exclude from its operation all of River Street between Lincoln and Abercorn streets.

On the interlocutory hearing the defendants were enjoined, pendente lite, from removing or interfering with the improvements put by petitioner on the land claimed by it; from paving the land with any material, including planking; from digging on the land, and from putting thereon seven-inch rails, or cross-ties, or fixtures to accommodate paving or planking of any kind; and from increasing the size of the rails: "the purpose being to maintain the status quo, so as to prevent any change therein or improvement by the Mayor and Aldermen of the City of Savannah, or by said Central of Georgia Railway Company, until the petition of the Standard Fuel Supply Company and the cross-petition of the Central of Georgia Railway Company shall be finally disposed of by a jury on the merits of the same, and until the further order of the court." The railway company excepted.

*Lawton & Cunningham* and *H. W. Johnson,* for plaintiff in error.

*R. R. Richards* and *Frederick T. Saussy,* contra.

EVANS, P. J. (After stating the foregoing facts.) It is not in dispute that the railroad-track known as the River Street track, a part of which the petitioner contends is laid over its land, is the connecting track between the Tybee branch of the defendant company and the Atlantic Coast Line on the east of the city, and the defendant's main-line tracks and yards on the west of the city, and that it furnishes railroad-track facilities to all the wharves on the water-front, between the Central and Atlantic Coast Line terminals. It is also without dispute that the track was built and in use by the railway company in the conduct of its business as a public carrier for several years prior to petitioner's purchase of the land, over a part of which it claims that the track was laid. So far as the present record discloses, the landowner neither protested against nor assented to the construction of the railroad. As

between the city and the petitioner it has been judicially determined that River Street, where lot 1 of Reynolds ward abuts it, is twenty feet in width. *Mayor and Aldermen of the City of Savannah* v. *Standard Fuel Supply Company,* 140 *Ga.* 353 (78 S. E. 906). The limits of lot 2 are controlled by the same facts as those of lot 1; so that, so far as these two lots are concerned, River Street is to be taken as twenty feet wide in front of these lots. The railroad-track is located south of the dedicated street twenty feet in width, and upon the property which petitioner purchased after its construction. When a railroad company builds its tracks for the operation of a railroad thereon, with the consent of the landowner, it acquires an easement for that purpose. If the landowner, knowing of the construction of the track on his land, remains inactive and permits the railroad company to go on and expend large sums in the work, or permits the completion of the railroad, he will be regarded as having acquiesced in the construction. Roberts *v.* Northern Pacific R. Co., 158 U. S. 1 (15 Sup. Ct. 756, 39 L. ed. 873). The railway company has an easement of right of way over lots 1 and 2 for the operation of a railroad as a public carrier. The right of way is limited to an occupation and use reasonably demanded for the transaction of the business, to which the owner impliedly assented when he allowed the track to be built and a railroad operated thereon. The petitioner, being a subsequent vendee, purchased the property with the burden of the easement. *Green* v. *Southbound R. Co.,* 112 *Ga.* 849 (38 S. E. 81); *Allen* v. *M., D. & S. R. Co.,* 107 *Ga.* 838 (33 S. E. 696); *McLendon* v. *A. & W. P. R. Co.,* 54 *Ga.* 293; *Charleston &c. R. Co.* v. *Hughes,* 105 *Ga.* 1 (30 S. E. 972, 70 Am. St. R. 17); *A., K. & N. Ry. Co.* v. *Barker,* 105 *Ga.* 534 (31 S. E. 452). As the owner of the servient estate, the petitioner has the right to object to any enlargement of the easement. The extent and limitations of the easement are to be determined by the special facts of the case (many of which are in dispute); and the judge did not abuse his discretion in preserving the status until the facts were established at the final hearing.

With reference to the contentions of the parties as to the width of River Street in front of lot 3, it is an issue of fact whether the petitioner's land is bounded by a street twenty feet in width, or one of greater width, and that issue was properly left for decision

on the final hearing. Likewise it is in dispute whether the planking between the tracks, and on each side of it, was taken up at the instance of the petitioner by the railway company with the intention of abandoning its use; and this matter was also properly left for determination at the final hearing. Neither is it necessary to inquire into the railroad's contention of prescriptive title to the locus, as that contention is based on facts which were in dispute at the interlocutory hearing.

Certain maps were introduced in evidence, which related to River Street and abutting property east of Lincoln Street. These maps did not illustrate any contention of the parties, as the locus is west of Lincoln Street. They should have been rejected as irrelevant, but their admission in evidence will not require a new trial.

*Judgment affirmed. · All the Justices concur, except Fish, C. J., absent, and*

ATKINSON, J., dissenting. Under the undisputed evidence, the improvements contemplated by the railroad company did not change or enlarge the easement.