9309, 9310.   SMITH *v.* CENTRAL OF GEORGIA RAILWAY
COMPANY; and *vice versa.*

1. The allegations make a suit for the entire damage to the land from the alleged tortious acts of the railway company.

2. "When, by reason of a trespass thereon, realty has been so injured as to render it permanently useless and valueless to the owner, the damages thus occasioned are recoverable in a single action."

3. The petition in this case being for permanent injury to the land, and not having been filed until August, 1914, and the last of the alleged acts of trespass having been committed in 1909, the action was barred by the statute of limitations.

4. "A vendee of land upon which a trespass had been committed while it was the property of his vendor has no right of action against the trespasser for damages thus occasioned, which were recoverable by the vendor."

5. The court erred in allowing the amendment to the petition.

6. There was no error in dismissing the petition as amended.

DECIDED AUGUST 1, 1918.

Action for damages; from Talbot superior court—Judge Howard. September 10, 1917.

*J. J. Bull & Son,* for plaintiff.

*Battle & Hollis,* for defendant.

BLOODWORTH, J. Mrs. Smith brought suit against the Central of Georgia Railway Company, alleging: that on August 1, 1910, and at the time of filing her petition, which was in August, 1914, she was the owner of certain valuable farm lands through which runs Upetoi creek; that certain acts of the railway company, beginning in 1904 and ending in 1909, "caused the channel of said creek to fill up, and caused the water to be set back and to overflow said lands, and therefore charges the lands with water, making the soil wet and spongy and the said lands totally unfit for cultivation; that said lands would otherwise be dry and valuable cultivatable lands; that the water overflowing and backing over said lands has caused a large quantity of sand to be deposited upon them, which renders them unfit for cultivation; that the channel of the creek being changed by the dam and raft aforesaid has been a permanent, continuous damage to said lands, as it leaves a large body of said lands, between the natural channel or run of the creek and the one made by said dam, entirely unfit for cultivation; that the two channels are flooded with water that overflows the lands aforesaid, making the soil wet and spongy and unfit for cultivation; that by the wrong acts as aforesaid her lands have been rendered absolutely unfit for farming, and damaged as herein set forth, and that the damage is permanent as herein set forth, and is all to the damage of your petitioner in the sum of five

thousand dollars as aforesaid, and [she] prays judgment for the said sum."

The railway company filed a demurrer as follows: "1. The plaintiff's petition affirmatively shows upon its face that the cause of action sought to be alleged and set forth in her petition is barred by the statute of limitations, in that more than four years have elapsed since the accrual of said cause of action. 2. Plaintiff's petition affirmatively shows upon its face that the alleged damage to her land is a permanent damage which accrued more than four years prior to the filing of the suit, and said petition affirmatively shows that said damage is not a continuing damage, in that the damage became complete and was complete more than four years prior to the filing of her suit. 3. Said petition shows upon its face that the alleged damage to her land is a permanent damage which accrued more than four years prior to the filing of her suit, and that said injury or damage to her land would not be and would not have been, within four years prior to the filing of her suit, abated by a removal of the alleged raft or dam alleged to have been caused or constructed by the defendant." The following order was passed by the court: "The above-stated case coming on for trial, the defendant moved in writing to dismiss the same, whereupon the plaintiff offered an amendment, to the allowance of which amendment the defendant objected. The court allowed the amendment and the defendant renewed its motion to dismiss the case as amended, and did demur orally to the petition as amended. Whereupon, it is considered, ordered and adjudged that the motion to dismiss be and the same is hereby sustained and said case dismissed." This ruling of the court is before us for review.

1. An examination of the above quotations from the original petition will show that the cause of action as therein set out is for permanent damage to the land of petitioner. The allegations in the petition make a suit to recover for the entire damage resulting to the land from the alleged tortious acts of the railway company. The nuisance and the damage inflicted thereby were treated in the petition as permanent. It is alleged that the land was cut through by a new channel, separating one part from another, and the land was covered over with sand and saturated with water, and was thus rendered unfit for cultivation. There is no

allegation of any act of the railway company that entailed a fresh injury to the land not comprehended by its original trespass. There is no complaint of the annual loss of crops or rents, nor any facts alleged showing continuing or recurring trespasses and consequent damage to the land. In the case of *Danielly* v. *Cheeves*, 94 *Ga.* 263 (21 S. E. 524), the 3d headnote is in part as follows: "If, however, the effect of the nuisance, at any stage, was to destroy wholly and permanently the fertility of the land, so that abating the nuisance and withdrawing the excess of water occasioned thereby would not restore the land and render it again fertile, the right to maintain successive actions relatively to subsequent years ceased, and a single action and recovery for such destruction could be maintained and would be final."

2. Under the facts alleged in the original petition the owner of the land in 1909 could have brought suit in a single action for the entire damage resulting from the alleged trespass. "When, by reason of a trespass thereon, realty has been so injured as to render it permanently useless and valueless to the owner, the damages thus occasioned are recoverable by him in a single action." *Allen* v. *Macon, Dublin & Savannah R. Co.*, 107 *Ga.* 838 (4), 846 (33 S. E. 696); *Cobb* v. *Wrightsville & Tennille R. Co.*, 129 *Ga.* 377 (2), 380 (58 S. E. 862). In the case of *City Council of Augusta* v. *Marks*, 124 *Ga.* 365 (52 S. E. 539), Justice Lumpkin said: "If by reason of a trespass upon realty it has been so injured as to render it permanently useless and valueless to the owner, he should recover the damages thus occasioned in a single action. Thus, where a petition alleged that by the erection and maintenance of a dam certain land of the plaintiff and the timber thereon had been rendered worthless and of no value, and a recovery was had, the plaintiff could not maintain against the defendant another action alleging the same facts as to the injuries sustained and their cause." There is no claim in the original petition that if the obstructions in the stream were removed the land would be restored to its fertility and made fit for cultivation. Indeed, the allegations in the petition show that this would not be possible.

3. The petition in this case being for permanent injury to the land, and not having been filed until August, 1914, and the last of the alleged acts of trespass having been committed in 1909, the action was barred by the statute of limitations. Civil Code (1910),

§ 4495; *Adams* v. *Macon, Dublin & Savannah R. Co.*, 141 *Ga.* 701 (81 S. E. 1110); *Lang* v. *Camp Phosphate Co.*, 113 *Ga.* 1011 (39 S. E. 474).

4. It appearing that the last of the alleged acts of trespass was before the petitioner became the owner of the land, the right of action therefore, if any, was in her predecessor in title. "A vendee of land upon which a trespass had been committed while it was the property of his vendor has no right of action against the trespasser for damages thus occasioned, which were recoverable by the vendor; aliter, as to new and additional damages growing out of a continuation of the original trespass after the vendee acquired title." *Allen* v. *Macon, Dublin & Savannah R. Co.*, supra; *Green* v. *South Bound R. Co.*, 112 *Ga.* 849 (38 S. E. 81); Civil Code (1910), § 4458. The original petition showed no "new and additional damages growing out of the continuation of the original trespass after the vendee acquired title."

5. The amendment to the petition was inconsistent with the theory set up by the original petition, and was inconsistent with material allegations therein not stricken by the amendment, and, the petition containing but one count, the court erred in allowing the amendment, over the objections of the defendant. *Flynt* v. *Southern Railway Co.*, 7 *Ga. App.* 313 (66 S. E. 957).

6. The petition as amended, construed most strongly against the pleader, fails to set forth a cause of action, and was properly dismissed. *Davis* v. *Boyett*, 120 *Ga.* 649 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 318; *Curtis* v. *College Park Lumber Co.*, 145 *Ga.* 601 (4) (89 S. E. 680); *Smith* v. *Central of Georgia Ry. Co.* (this case), 146 *Ga.* 59 (90 S. E. 474).

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. Broyles, P. J., and Harwell, J., concur.*