10400.   BROWN *et al. v.* LOUISVILLE AND NASHVILLE
RAILROAD COMPANY.

The petition was subject to general demurrer, since it was an attempt to
join in a single suit a cause of action arising ex contractu with one grow-
ing out of a tort. Such a practice is not permissible.

DECIDED NOVEMBER 28, 1919.

Action for damages; from Cherokee superior court—Judge
Morris. February 14, 1919.

*J. H. Boston, J. Z. Foster,* for plaintiffs.

*D. W. Blair, Howell Brooke,* for defendant.

SMITH, J.   This is a suit by the executors of the estate of
James R. Brown against the Louisville & Nashviile Railroad Com-
pany for damages.   The material portions of the petition as
amended are as follows:  "The defendant is in possession of a
certain tract of land belonging to said estate, which is occupied
and used by it as a right of way and on which its railroad track
is located. . . The defendant acquired its possession of said
land from the Atlanta, Knoxville & Northern Railway Company,
which held under the Marietta & North Georgia Railroad Com-
pany.   The Marietta & North Georgia Railroad Company acquired
its possession of said land first from Harriet F. Brown, a life-tenant
in said land, by virtue of a parol agreement entered into between
J. R. Brown . . and said Marietta & North Georgia Railroad
Company; whereby the said Marietta & North Georgia Railroad
Company obtained from said life-tenant, Harriet F. Brown, the right
to use said strip of land for the purpose of a railroad right of way
during the life of the said Harriet F. Brown. . . Harriet F.
Brown died in 1888, and the said J. R. Brown then became a life-
tenant in said land, under the provisions in said deed set forth in ex-
hibit A.   Afterwards said land was held by the Marietta & North
Georgia Railroad Company under the deed of J. R. Brown, life-
tenant, to said railroad company, which was executed on January 16,
1891, whereby said Brown conveyed said right of way to said railroad
company for and during his natural life only. . . On June 8th,
1900, the said J. R. Brown acquired the remainder interest in
said land from John W. L. Brown, the remainderman. .
James R. Brown died on March 2, 1915.   The defendant held
the possession of said land continuously ever since the death of
the said James R. Brown, using and occupying the same as a right

of way and operating its trains upon said track thereon without any warranty or authority whatever, and without the authority or consent of the plaintiffs or either of them. A large and valuable body of river-bottom land . . is greatly injured and damaged . . for the following reasons: The direct way of ingress and egress to said land has been destroyed by the use of said track by defendant, and by reason thereof the only ingress and egress to said land is a roundabout way of more than two and one half miles. . . By reason of the above facts this body of land so cut off has been damaged materially, in that it is removed to a distance of two miles and a half by the only available way out at present, whereas if the direct route to town were open, this property would be less than one half mile distant from the business portion, and, by reason of this, said land so cut off by the railroad is depreciated in value $20 per acre, or in the total amount of $2,000. The balance of said land lying on the eastern side of said railroad, consisting of two hundred acres, by reason of the facts above stated, is damaged in the amount of $10 per acre . . by reason of its depreciation in value on account of defendant. The value of said tract of land occupied by defendant is $3,000, and the rental value thereof is now, and has been from March 2, 1915, of the value of $2,500 per annum. The defendant damaged the remaining portions of said body of land which now lie on each side of said tract occupied by defendant, by reason of said occupancy and use of defendant and by reason of the facts before set forth, in the sum of $4,000. By reason of the facts aforesaid plaintiffs sue for the following items of damage, to wit: (1) The damage resulting from the loss of said tract now held by defendant, to wit, $3,300, which was the value of said land on March 2, 1915, together with interest on said sum from said date, on which date, the life-estate, which was the only interest the defendant had ever held in said land, terminated and the title thereto immediately vested in the estate of the said J. R. Brown. (2) The damage done to the remaining portions of said body of land, lying on each side of said tract, subsequent to the termination of said life-estate interest therein, on March 2, 1915, by reason of defendant's said occupancy and use of said tract as a right of way since said date, resulting in the division of said body of land, by reason of said maintenance and use of said tract, after the acquirement of the title

by the said estate, whereby said tract together with said portions on each side thereof constituted one continuous body of land, but since said acquirement, by reason of said occupancy by defendant, said body of land has been damaged, by reason of the division thereof, by the maintenance of said tract, as a right of way, and the operation of trains thereon, by defendant, since said acquirement of the title thereof by said estate."

"A demand for damages caused by a trespass on land cannot, under section 3261 of the code, be joined with a demand for the use and occupation of such land." *McLendon* v. *Atlanta & West Point R. Co.*, 54 *Ga.* 293 (2), 295. "Giving to the plaintiff's petition the construction for which they insist, it results that 'this action is of a very anomalous character,' being neither more nor less than an attempt to join in a single suit a cause of action arising ex contractu with one growing out of a tort pure and simple— a practice which, under the express provisions of our code, is not permissible." *Allen* v. *Macon &c. Railroad Co.*, 107 *Ga.* 838, 848 (33 S. E. 696). Applying the rulings made in these cases to the petition in the case under review, we find that it is of the same anomalous character pointed out by the Supreme Court in the *Allen* case, supra. It seeks a recovery for the value of the land occupied by the railroad company, as well as damages to the adjacent tracts resulting from the building of the road. This is a misjoinder of causes, and not permissible under our practice; and therefore the trial judge did not err in sustaining a general demurrer and dismissing the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*