19926. ROME KRAFT COMPANY *v.* DAVIS.
19937. GAINER *v.* DAVIS.
19938. JOHNSON *v.* DAVIS.

CANDLER, Justice. In this litigation, which was instituted by J. L. Davis against Rome Kraft Company, B. N. Nations, J. G. Gainer, Leon Johnson, C. E. Wilkey, and James Montgomery, the petition, in substance and so far as need be stated, alleges: On November 27, 1953, for the purpose of securing a loan to him of $5,400, B. N. Nations conveyed a described tract of land in Bartow County, Georgia, to State Mutual Insurance Company. On March 29, 1956, this grantee transferred its security deed, together with all rights, remedies,

and powers therein contained, to Calhoun National Bank. Simultaneously with such transfer, it also conveyed to the bank its title to the land described in the security deed. On April 3, 1956, Calhoun National Bank made a like transfer of the same security deed and a like conveyance of the land described therein to the plaintiff J. L. Davis. While State Mutual Insurance Company and Calhoun National Bank were the holders of the aforementioned security deed, and after it had been duly recorded in the public records of Bartow County, Georgia, the defendants on specified dates wrongfully cut, removed, and converted to their own use 200 units of pulpwood from the land described therein; and by such trespasses injured and damaged the plaintiff in the sum of $4,000, for which amount he sues. Separate but like general demurrers were interposed to the petition by the defendants Rome Kraft Company, J. S. Gainer, and Leon Johnson; and to a judgment sustaining the demurrers and dismissing the petition, the plaintiff excepted and sued out a writ of error to the Court of Appeals. That court in reversing the judgment complained of held that the plaintiff Davis could, to the extent of the unpaid balance of the secured debt, recover the value of any timber which the defendants had wrongfully taken from the land in question while title for it was held by State Mutual Insurance Company and by Calhoun National Bank under the recorded security deed from B. N. Nations, which had been transferred to him after the commission of such trespasses; and since his petition stated a cause of action for the relief sought, namely, damages, that the trial judge erred in dismissing it on general demurrer. An application to this court for the writ of certiorari assigns error on that ruling, and the writ was granted for the purpose of reviewing it. *Held*:

By the terms of an act which the legislature passed in 1939 (Ga. L. 1939, p. 340), from which Code (Ann.) §105-1412 comes, any person who is the owner of legal title to land or an interest in land as security for debt, as shown by the public records of the county where such land is located, may maintain an action for damages against every person, firm, or corporation that buys, sells, cuts, removes, holds, disposes of, changes the form of, or otherwise converts to his own use any trees growing or grown on the pledged land without such owner's written consent; but the damages recoverable as the value

of such timber cannot be more than the unpaid portion of the secured indebtedness, the interest thereon, and a reasonable attorney's fee. And in this State a right of action which involves, directly or indirectly, a right of property is assignable. See Code § 85-1805; *Sullivan* v. *Curling*, 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124). The instant petition alleges facts which are sufficient to show that State Mutual Insurance Company and Calhoun National Bank each had a right of action for damages against the defendants for a trespass committed on the pledged realty while title for it was vested in them respectively. Query: Do the allegations of the petition show that those rights of action, or either of them, were legally assigned to the plaintiff Davis? Unless this question can be answered in the affirmative, it necessarily follows that the petition failed to state a cause of action for any of the relief sought and was subject to dismissal on general demurrer. Respecting an assignment to the plaintiff Davis, the petition alleges: that Calhoun National Bank conveyed to him that title to the pledged realty which it had received from State Mutual Insurance Company, the original grantee; that the bank also transferred to him the security deed which Nations had executed and delivered to State Mutual Insurance Company, together with all rights, remedies, and powers therein contained; and that such conveyance and such transfer were both made to him after the commission of the trespasses for which he sought to recover damages. So if the plaintiff Davis has a right to maintain the action for damages which he has instituted against the defendants, his right to do so was obtained from Calhoun National Bank by the aforementioned conveyance and transfer. As to the conveyance of title, it was unanimously held in *Allen* v. *Macon, Dublin &c. R. Co.*, 107 *Ga.* 838 (33 S. E. 696), that a vendee of land upon which a trespass had been committed while it was the property of his vendor has no right of action against the trespasser for damages thus occasioned, which were recoverable by his vendor. In the opinion, it was said (p. 842): "The reason for this rule is obvious. As is pointed out by the authorities above cited, a trespass upon land simply gives to the owner a right of action for damages, which cannot be said to 'run with the land', and therefore does not pass to a subsequent purchaser." The ruling there made is predicated on the proposition that a conveyance of land, with-

out more, does not assign to the grantee therein a right of action resulting from a trespass previously committed on such land. For like rulings, see *McLendon* v. *Atlanta & West Point R. Co.*, 54 *Ga.* 293 and *Green* v. *South Bound R. Co.*, 112 *Ga.* 849 (38 S. E. 81). In *Patellis* v. *Tanner*, 199 *Ga.* 304 (34 S. E. 2d 84), where the plaintiff sought to recover a stated amount for mesne profits, which had accrued prior to her purchase of the land, this court, in holding by a full-bench decision that she was not entitled to prevail, said (p. 314): "When the plaintiff acquired her deeds in 1942, there was no express assignment to her of her vendor's right to proceed against the defendant for the mesne profits that had already accrued, nor did the law write into her purchase any such right." By the rulings which this court made in the above-cited cases, it is well settled that a deed which passes to the grantee a fee-simple interest in land does not assign to such grantee a right of action respecting it which had already accrued; and this is true because a conveyance of title to land passes to the grantee no greater interest in it than the grantor actually had at the time of his conveyance. And for the same reason it is equally clear to us that one who holds title to land as security for an indebtedness passes to his grantee only the interest which he actually had in the land at the time of his conveyance. Here, as the petition shows, Calhoun National Bank conveyed to the plaintiff Davis that realty which Nations had previously conveyed to State Mutual Insurance Company, but after the timber involved had been cut and removed from it; and in this State it is settled law that its conveyance of title to the land neither passed title to such timber nor assigned the right to recover damages for the trespass resulting from its wrongful removal and conversion. As to the transfer of the security deed, together with all rights, remedies, and powers therein contained, no copy of such transfer, or of the security deed, is attached to the petition or set out therein, and there is no allegation in the petition that Calhoun National Bank, by such transfer, assigned to the plaintiff any right which it had to maintain an action against the defendants for any trespass they had previously committed on the land embraced in the security deed. From the petition we do not even know what rights, remedies, and powers the security deed contained, but they could not conceivably include the

assignment of a right of action resulting from a trespass on the land which did not occur until long after such security deed was executed and delivered to the original grantee. A ruling to the contrary would require a holding by this court that a nonexistent cause of action is assignable. While the allegations of the petition are sufficient to show that the defendants committed a trespass on the land in question prior to the time the plaintiff acquired title to it, they are nevertheless insufficient to show that such right of action had been legally assigned to the plaintiff. Hence, the petition failed to state a cause of action for the relief sought, and the trial judge properly dismissed it on demurrer. This being true, the judgment rendered by the Court of Appeals is erroneous.

*Judgments reversed. All the Justices concur, except Wyatt, P.J., who dissents.*

ARGUED FEBRUARY 10, 1958—DECIDED MARCH 7, 1958.

*Matthews, Maddox, Walton & Smith,* for Rome Kraft Company.

*Pittman & Greene,* for Gainer and Johnson.

*Marion W. Corbitt, John W. Maddox, William B. Greene,* for Davis.