IGNATIUS SARGENT, executor, *vs.* INHABITANTS OF MACHIAS.

Washington, November, 1875.—March 14, 1876.

*Words,—owner defined. Exceptions.*

In R. S., c. 18, § 53 as amended by c. 46 of the acts of 1872, which provides for the recovery of damages for an injury to the owner of adjoining land by the raising or lowering of a street or way, the "owner" designated is the owner at the time of the injury.

Where a case is before the law court on exceptions, an objection not stated in the bill is not available.

ON EXCEPTIONS.

PETITION to the county commissioners for increase of damages to real estate by reason of raising a street.

An original petition was made to the selectmen, who awarded $50 damages. The petitioner, feeling aggrieved, petitioned for an increase of damages. The parties met the commissioners for a hearing June 23, 1874, and agreed "to refer the whole matter, as

set forth in the petition, to the county commissioners as the committee prescribed by the statute for the determination of such questions," who, after hearing had, awarded $250 damages and costs. To the acceptance of their report· the defendants filed a written objection, that after the injury to the real estate and previous to the filing of the report in court, the petitioner had conveyed all his interest in the premises. The court overruled the objection and accepted the report. The defendants excepted.

*G. Walker*, for the defendants, in arguing his exceptions, relied also upon the want of title in the petitioner at the time of the injury as an objection to the report.

*L. G. Downes*, for the plaintiff.

. DANFORTH, J. The original petition in this case is founded upon R. S., c. 18, § 53, as amended by chapter 46 of the acts of 1872, which provides for the recovery of damages for an injury to the owner of adjoining land by the raising or lowering of a street or way. After an adjudication by the municipal officers, the petitioner feeling aggrieved by their judgment, petitions to the county commissioners for an increase of damages, whereupon "the parties agree to refer the whole matter, as set forth in the petition, to the county commissioners as the committee prescribed by the statute for the determination of such questions." That tribunal, after a hearing, made their report to this court. The respondents made in writing an objection to the acceptance of that report which objection was overruled and exceptions filed. The objection is that after the injury to the real estate and previous to the filing of the report in court, the petitioner had conveyed all his interest in the premises to one Ruby L. Stuart.

This objection clearly can have no foundation in law. The statute giving this claim to damages, gives it to the owner. This must necessarily be understood to mean the owner at the time of the injury. No other person is or can be injured. It is from that time the claim dates, and the statute of limitations begins to run. From that time the claim for damages and the land left, are two separate and distinct things; a sale or conveyance of one would in no respect control or affect the other. In

case of the decease of the owner after the claim accrues, so completely distinct are they, that, while the land subject to the easement acquired descends to the heir, the damages goes to and may be recovered by the administrator as assets. *Neal* v. *K. & L. R.*, 61 Maine, 298, 300.

In the argument of counsel, the want of title in the petitioner is also relied upon as an objection to the report. Whether this objection might or might not have been valid is a question not now before us. The proceedings in a case like this, by the provisions of the statute authorizing it, are to be the same as provided respecting highways. Assuming then that the county commissioners acted as a committee and not as referees, "the title of the petitioner as respects damage" was in issue. R. S., c. 18, § 8. Under the agreement in this case, it could be no less so. *Thurston* v. *Portland*, 63 Maine, 149. Hence if the county commissioners acted as referees the question should have been raised and submitted to the court by their report. If they were a statute committee only, the question should have been raised by a written motion to set their report aside or objections in writing to its acceptance. R. S., c. 18, § 13. *Bryant* v. *K. & L. R. Co.*, 61 Maine, 300.

This question is presented in neither of these ways and is not therefore open for consideration. Were we now to consider it we should be passing upon a ruling that has never been made. The case is before us upon exceptions alone and by the provisions of the statute last referred to, can be here in no other way. At *nisi prius* no question of this kind was presented or ruled upon, as appears by the case and hence no exceptions could be filed.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.