[Sac. No. 1910. Department One.—January 8, 1912.]

## CARRIE B. McDOUGALD, Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Appellant.

EMINENT DOMAIN—UNAUTHORIZED TAKING FOR PUBLIC USE—ACTION FOR COMPENSATION RATIFIES TAKING.—An action by the owner of land to recover compensation from a railroad for a part of the land permanently appropriated for the public use of operating thereon a public railway, ratifies the original unauthorized taking for that use.

ID.—MEASURE OF DAMAGES.—In such action the plaintiff may recover not only the damages occasioned up to the time the action was begun, but also all that can then be shown with reasonable certainty will be suffered in the future.

ID.—PROPER METHOD OF ASCERTAINING DAMAGES—EVIDENCE.—The proper measure of damages in such action is the difference between the value of the entire parcel as it was just before the railroad took permanent possession, and its value immediately after its works were completed and put in operation, taking into consideration all the injurious consequences to the part of the land not taken, reasonably probable from such works and the operation thereof and from the severance of the land taken, and the evidence should be confined to such elements of damage.

ID.—FINDINGS AS TO VALUE AT TIME OF TRIAL—JUDGMENT NOT SUPPORTED.—Where the action was commenced more than six years after the taking, a judgment for the plaintiff, based entirely upon findings as to the value of the land at the time of the trial, and what it would have then been worth but for the defendant's works, cannot be sustained.

DEED.—SUFFICIENT DESCRIPTION—REFERENCE TO CITY STREETS.—A deed of land situated just outside of a city's limits, which so describes the property conveyed by reference to the lines of the city streets pro-

CLXII Cal.—1

duced, that its location could be ascertained by a proper survey, is not void for uncertainty.

APPEAL from a judgment of the Superior Court of San Joaquin County.  C. W. Norton, Judge.

The facts are stated in the opinion of the court.

George F. Buck, and C. W. Miller, for Appellant.

Budd & Van Vranken, for Respondent.

SHAW, J.—The defendant appealed from the judgment within sixty days after it was rendered and presents the evidence by a bill of exceptions.

The plaintiff is the owner of a block of land 303 feet square, situated just outside of the city of Stockton and bordering upon Mormon Channel.  In April, 1903, the defendant constructed its railway and a drawbridge across Mormon Channel, and ever since that time it has operated and maintained the same.  The embankment and approach to the bridge occupies a space about fourteen feet wide and twenty-two feet long of the plaintiff's land.  Defendant took possession of the land and made said improvements without the plaintiff's permission, against her will, and without compensating her therefor.

As a basis for damages plaintiff alleges that prior to the defendant's entry said block of land was worth ten thousand dollars; that by reason of the railway and drawbridge thereon the value of the land has depreciated to the amount of nine thousand dollars, for which she asked judgment.

The trial took place on November 30, 1909, more than six years after the construction of the railway and drawbridge complained of.  The court found that at the time of the trial the plaintiff's land would have been worth three thousand dollars but for the said railway and drawbridge, and that by reason thereof the value at that time was only eighteen hundred dollars.  Upon this basis judgment was given for plaintiff for twelve hundred dollars as damages.  There is no finding as to the value of the land at any other period than the time of the trial, and no evidence was introduced relating to any other period.  The evidence all referred to the values at the time of the trial, and it was all introduced over the objection

of defendant that the value at that time was irrelevant and immaterial.

These findings are insufficient to support the judgment. The land was taken by the defendant for the public use of operating thereon a public railway. It was permanently appropriated to that use. The injury to the plaintiff is of a permanent character. This suit for compensation ratifies the taking for that use. (See *Jeffersonville etc. R. Co.* v. *Esterle,* 76 Ky. (13 Bush.) 667.) For such injuries the plaintiff may recover in one action, not only the damages occasioned up to the time the action was begun, but also all that she can then show with reasonable certainty that she will suffer in the future. But all this is necessarily given to her if she receives as damages the difference between the value of the entire parcel as it was just before the defendant took permanent possession, and its value immediately after the works of the defendant were completed and put in operation, taking into consideration all the injurious consequences to the part of the land not taken, reasonably probable from such works and the operation thereof and from the severance of the land taken. This is the rule laid down in *Muller* v. *Southern Pacific R. R. Co.,* 83 Cal. 243, [23 Pac. 266], a case in all respects similar to the present one. The court said: "We are inclined to think in this case the difference between the value of the lot when the defendant entered to construct its road and the value when the road was completed will show what the plaintiff is entitled to recover." (See, also, 4 Sutherland on Damages, sec. 1047; *Jeffersonville etc. Co.* v. *Esterle,* 76 Ky. (13 Bush.) 667.) The rule followed by the court below would allow plaintiff the benefit of the general advance in value from all causes. There is some evidence indicating that the value at the time of the trial had been enhanced by independent causes arising long after the taking by the defendant. This cause had been previously tried and from the judgment the defendant appealed. The appeal was heard in the district court of appeal for the third district. (*McDougald* v. *Southern Pacific R. R. Co.,* 9 Cal. App. 236, [98 Pac. 685].) In that case it was held that the value of the property at the first trial, four years after the injury, was not sufficient to show its value at the time of the injury. Much more is this true at a period nearly seven years after the injury. The evidence should have been confined to the dam-

age, present and prospective, based upon the values existing immediately before and immediately after the construction of the railway and drawbridge. Because of this error the judgment must be reversed.

The defendant claims that the description of plaintiff's land in her muniments of title is so uncertain that they are void, and hence that no title was proven. The description is as follows: "One city block between Main and Market streets produced, being the second block west of Tule Street in the city of Stockton." The evidence showed that Stockton is laid out on a regular plan, in blocks 303 feet square, between which are streets running north and south 80.8 feet wide, and streets running east and west 60.6 feet wide. Main and Market streets run east and west one block apart. Tule Street, now Edison Street, runs north and south. From this evidence of explanatory facts it is plain that the land in question is a block 303 feet square, situated between the produced lines of Main and Market streets, the east line of said block being 383.8 feet west of the west line of Tule Street aforesaid. Its location could, therefore, be easily ascertained by a proper survey.

The judgment is reversed.

Angellotti, J., and Sloss, J., concurred.