[Sac. No. 2238.  Department Two.—March 8, 1916.]

JOSEPH GORDON, Respondent, v. GEORGE CADWALADER et al., Trustees of the Real Property of ELIZA B. CADWALADER, Deceased, etc., Appellants; SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Intervener and Respondent.

QUIETING TITLE—PLEA OF OWNERSHIP—FINDING OF EASEMENT FOR RAILROAD PURPOSES.—Under a plea of ownership in fee set up by a railroad company in an action to quiet title, it was competent for the trial court to find ownership by the company of an exclusive easement for railroad purposes.

ID.—IMMATERIAL VARIANCE—ADMISSION OF OCCUPANCY AND USE.—The variance between the allegation of ownership in fee and proof of the easement for railroad · purposes is immaterial because the adverse parties were not misled thereby, where the latter admitted the facts of the company's occupancy and use of the. property, denying only the right so to occupy and use the premises.

ID.—LAND USED FOR RAILROAD PURPOSES—DEED FROM LIFE TENANT—REMAINDERMAN CANNOT MAINTAIN EJECTMENT.—A railroad company, which is and for many years has been in the possession of and using a tract of land as a right of way for its road, under a deed from a life tenant purporting to convey the fee, cannot be sued in ejectment by the remainderman at the termination of the life estate. The remedy of the latter is limited to an action for damages.

ID.—RIGHT TO COMPENSATION FOR TAKING—CHOSE IN ACTION—MERE SUCCESSORS TO LAND CANNOT SUE FOR TAKING.—The right of the owner of an interest in land to recover compensation for its taking by a railroad company as a right of way for its road is a chose in action distinct from his interest in the land; and the successors to his interest in the land, who are not shown to have succeeded to such chose in action, are not entitled to recover for the taking.

APPEAL from a judgment of the Superior Court of Yolo County.    N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

George Clark, Black & Clark, and W. A. Anderson, for Appellants.

Hudson Grant, for Plaintiff and Respondent.

D. V. Cowden, W. M. Singer, and Frank Thunen, for Intervener and Respondent.

MELVIN, J.—Defendants appeal from so much of the judgment as determines that the Southern Pacific Railroad Company, intervener, has a right of way for railroad purposes across the land described in the complaint, and from that part of it which quiets intervener's title to said right of way without compelling compensation to defendants.

This is the second appeal in this case.    In the decision on the former appeal it was held that the deed from William Gordon to his son John Gordon of the property for and during his natural life, and after his death to descend to his heirs, was not subject to the rule in Shelley's case, although it was executed at a time prior to the adoption of the codes and when that rule was recognized in California.    (*Gordon* v. *Cadwalader*, 164 Cal. 509, [130 Pac. 18].)    Joseph Gordon, the plaintiff in the action, contended that the deed to John Gordon conveyed the fee simple.    The intervener, claiming under a deed executed July 2, 1887, by John Gordon, and purporting to convey the fee in the land occupied by it as a right of way to its predecessor, joined in the contention of plaintiff.    Defendants asserted title under a purchase of Joseph Gordon's interest, at forced sale, during the life of John Gordon.    Plaintiff and intervener were successful in the lower court, but on appeal this court held that defendants had succeeded

to Joseph's undivided one-sixth interest in the land, for the reason that John Gordon's was a life estate only, and that defendants took Joseph's remainder through their predecessor, George Cadwalader.

In their original answer defendants had admitted that intervener was in possession of the strip of land described in its complaint, using the same for a right of way, but had denied its right to use any portion of said premises. When the case went back for retrial an amendment to the answer was filed by permission of the court. In it defendants described in detail the strip of land occupied by intervener; alleged its value to be nine hundred dollars; averred that the damage due to the physical severance of the larger tract was four thousand five hundred dollars; averred that they were entitled to one-sixth of such amounts; and prayed that the court order the intervener to pay them nine hundred dollars.

Appellants call attention to the fact that the intervener did not amend its pleadings after the first trial, and that there is no allegation and it may not be learned, they say, except by inference from intervener's pleadings that the corporation was or its predecessor was a common carrier. Under the stipulation of facts, however, it appears that the Vaca Valley and Clear Lake Railroad Company began to operate trains as a common carrier in 1887 over its entire right of way, including the strip of land here in dispute, and ever since that time it or its successor in interest, the intervener, has continued said operation and such use of the right of way and of all of it. There is a finding based upon this stipulation, and while the complaint in intervention does not formally plead that the railroad corporations were common carriers, the answer itself admits that intervener occupies the land in dispute as a right of way. The denial in the answer that the Southern Pacific Railroad Company has any right to such occupancy by reason of the facts there set up is deemed to be controverted without pleading, and the nature of the corporation's use of the property being a part of the defense to the claim of defendants the court was entitled to find upon that issue.

The court found that John Gordon acquired the life estate on June 3, 1872; that on July 2, 1887, he executed and delivered to the Vaca Valley and Clear Lake Railroad Company a deed, good and sufficient in form, purporting to con-

vey to said corporation in fee simple the strip of land here in dispute; that said corporation immediately entered into possession, and either by itself or through its successor, the intervener here, has ever since occupied the said land for a part of its right of way; that G. Cadwalader (not defendant of that name, but his father), acquired Joseph Gordon's undivided one-sixth interest in remainder on September 25, 1882; that John Gordon, the life tenant, died on January 22, 1908, and that on or about March 6, 1908, defendants succeeded by mesne conveyances to and are now the owners of the vested undivided one-sixth interest of G. Cadwalader in and to the lands described in the complaint subject, however, to the ownership and interest which intervener is found to possess, of a right of way located upon the said strip of land. It was also found that there has never been any assignment or other transfer by G. Cadwalader, or by any person, to defendants, or to anyone of any claim or right of action against intervener, or its predecessor, for any compensation arising from the taking or occupancy of the right of way; and that defendants have not and never had any claim or right of action against intervener for compensation of any sort. It was found that intervener was entitled to judgment against defendants quieting its title to an exclusive easement for railroad purposes over the strip of land.

Appellant insists that since the railroad company pleaded ownership in fee the court went outside of the issues to find ownership of a right of way. But it was competent under the allegation of ownership in fee for the court to find ownership of an exclusive easement for railroad purposes—an ownership less than the fee. (*Tarpey* v. *Desert Salt Co.,* 5 Utah, 205–214, [14 Pac. 338]; *Gillespie* v. *Jones,* 47 Cal. 259–263.) In any event, the variance between allegation and proof is immaterial because defendants were not misled thereby. Indeed, as we have seen, defendants admitted the facts of intervener's occupancy and use of the property, denying only the right so to occupy and use the premises. If the facts establish an ownership less than a fee which entitles the intervener to possession and use as against defendants, they may not complain because the corporation received less than it prayed for. The pleading, therefore, was sufficient to support the finding of ownership of the easement.

Appellants admit that the Vaca Valley and Clear Lake Railroad Company had paid John Gordon, at the time of the execution of the purported deed to the right of way, the full, fair, and reasonable value of the fee of the land taken. But, they say, since John Gordon could not dispose of the fee and since the interest of their predecessor, G. Cadwalader, was not such as gave him any right to possession until the death of the tenant for life, G. Cadwalader was in position to demand, and they, as his successors in interest, are similarly entitled to claim compensation for the taking of the land as if it had been occupied immediately after the death of John Gordon instead of many years theretofore.

Whatever rights defendants might have possessed if the deed of John Gordon had sought to confer title upon a private individual, under the facts presented by this record they are limited to their action for damages because public interests have intervened, owing to the purpose and use to which the land is dedicated. They may not sue in ejectment. (*Gurnsey* v. *Northern California Power Co.*, 160 Cal. 699, [36 L. R. A. (N. S.) 185, 117 Pac. 906].) This seems to be conceded because compensation for the land taken and the damage wrought is all that the Cadwaladers ask.

It is contended by respondent that conceding G. Cadwalader's right to compensation for the taking of the strip of land growing out of his interest in the property, such right accrued when the Vaca Valley and Clear Lake Railroad Company went into possession, and that it is therefore barred by the statute of limitations. In brief, the argument in that behalf is this:

Section 826 of the Civil Code provides that a remainderman may maintain an action for an injury to the inheritance, notwithstanding the fact that there is an intervening life estate. The injury resulting from the taking of the right of way by the railroad company was and is permanent. (*Southern Pac. R. R. Co.* v. *San Francisco Savings Union,* 146 Cal. 290, [106 Am. St. Rep. 36, 2 Ann. Cas. 962, 70 L. R. A. 221, 79 Pac. 961]; *McDougald* v. *Southern Pac. R. R. Co.,* 162 Cal. 1, [120 Pac. 766]; *Muller* v. *Southern Pac. etc. Ry. Co.,* 83 Cal. 240, [23 Pac. 265].) A remainder is an interest. (Civ. Code, sec. 769.) Any interest may be acquired for public use. (Code Civ. Proc., sec. 1246.) In the case of condemnation of lands in which there is a life estate followed by an

interest in remainder, the remainderman's claim for compensation is a present one, and he is entitled to his proportionate share of the compensation awarded at the time of the taking. (10 Am. & Eng. Ency. of Law, 1194.) The fact that his interest was contingent did not suspend the statute of limitations, and the rule with reference to actions of a possessory nature expressed in such cases as *Pryor* v. *Winter,* 147 Cal. 554, [109 Am. St. Rep. 162, 82 Pac. 202], is not applicable.

There is much force in this position, but in view of our conclusion regarding the interest of the original Cadwalader we need not discuss it because, whatever G. Cadwalader's interest may have been, and whether or not it entitled him to compensation, if at all, upon the taking of the property or upon the death of John Gordon, it was a chose in action distinct from his interest in the land. The interest in the real property passed first to his wife and then to his children, but there was neither pleading nor proof that the chose in action had been assigned or distributed to these defendants or to any one of them. It was entirely independent of the interest in the land itself which passed to Eliza B. Cadwalader and subsequently to appellants after the remainder had vested. In *Sargent* v. *Machias,* 65 Me. 591, the court was considering a situation in which, after the injury to the realty, the owner had transferred all interest in the property to another. The court said: "The statute giving this claim to damages, gives it to the owner. This must necessarily be understood to mean the owner at the time of the injury. No other person is or can be injured. It is from that time the claim dates, and the statute of limitations begins to run. From that time the claim for damages and the land left, are two separate and distinct things; a sale or conveyance of one would in no respect control or affect the other. In case of the decease of the owner after the claim accrues, so completely distinct are they, that, while the land subject to the easement acquired descends to the heir, the damages go to and may be recovered by the administrator as assets. *Neal* v. *Knox etc. Ry. Co.,* 61 Maine, 298, 300." In *Church* v. *Grand Rapids & Indiana R. R. Co.,* 70 Ind. 161–165, the following language was used by the court in the opinion:

"The damages alleged to have been inflicted in this case were such as inured to the benefit of the person who owned the lands when the railroad was constructed, and the simple averment that the plaintiff had afterward inherited these lands did not show him to be entitled to recover for such damages. The taking of the lands by inheritance did not necessarily carry with it any claim to damages to such lands, which had previously accrued, as has already been shown." *Taylor* v. *New Orleans Terminal Co.*, 126 La. 420, [139 Am. St. Rep. 537, 52 South. 562] is further authority for the rule that the right to recover compensation for the taking of property for use as a right of way for a common carrier is not connected with the title.

In *McFadden* v. *Johnson*, 72 Pa. St. 335, [13 Am. Rep. 681], plaintiff had been the owner of certain land through which a railroad had been constructed, damaging the property. Subsequently plaintiff contracted to sell the realty to one Scott, who assigned the contract to defendant Johnson. The railroad company settled with Johnson for the damage done. At the time, plaintiff was ignorant of such settlement, but subsequently learning the facts, sued defendant for the amount paid to him by the railroad company. Defendant was successful in the trial court but the judgment was reversed on appeal, the court saying, among other things: "If the entry were lawful, the company acquired a right, for which the damages (so called) are a compensation, enforceable in the statutory mode given to assess it: *McClinton* v. *Pittsburg, etc. R. R. Co.*, 66 Pa. St. 409. In either case,— *quacumque via data,*—therefore the right is personal, belonging to the owner of the land when the entry and injury took place, and could pass only by her assignment." The same doctrine is declared substantially in *Illinois Central R. R. Co.* v. *Lockard*, 112 Ill. App. 423–426; *Pomeroy* v. *Chicago & M. R. R. Co.*, 25 Wis. 641–643; *Indiana etc. Ry. Co.* v. *Allen*, 100 Ind. 409–414; *Green* v. *South Bound R. R. Co.*, 112 Ga. 849, [38 S. E. 81]; *Warrell* v. *Wheeling etc. Ry. Co.*, 130 Pa. St. 600–609, [18 Atl. 1014]; *Smith* v. *Nashville etc. Ry. Co.*, 88 Tenn. 612–613, [13 S. W. 128]; Elliott on Railroads, sections 1025 and 1025a.

It follows that defendants having failed to show any interest in the compensation paid, or which might be paid, for the taking of the land for intervener's right of way, are in

no position to ask for a reversal of the judgment of the superior court.

The judgment accordingly is affirmed.

Henshaw, J., and Lorigan, J., concurred.