[Civ. No. 2590.    First Appellate District, Division One.—December 10, 1918.]

## J. B. LAWLOR et al., Respondents, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

EASEMENT—INTERFERENCE WITH RIGHT OF WAY—DAMAGES.—Damages may be recovered for an interference with an easement of right of way whereby property of plaintiff has been depreciated in value.

ID.—CONSTRUCTION OF SPUR-TRACK—IMPAIRMENT OF RIGHT OF WAY— ELEMENTS OF DAMAGE.—In an action against a railroad company for impairment of a right of way by the construction and operation of a spur-track, it is proper for the jury in determining the damages to consider the damage from the operation of the trains as well as the damage from the laying of the track.

ID.—EVIDENCE OF DAMAGES.—In such action evidence of cars left standing on the tracks as an obstruction to plaintiff's right of passage,

39 Cal. App.—7

the numbers of cars operated daily, and the increased danger to life and limb is admissible.

ID.—MEASURE OF DAMAGES.—In such action, the measure of damages is the difference between the value of plaintiff's property before the construction and operation of the railroad and its inherent value thereafter.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis Oneal, Wm. F. James and James P. Sex for Appellant.

E. M. Rea for Respondents.

LENNON, P. J.—This is an appeal from a judgment rendered in favor of plaintiffs for three thousand dollars.

Plaintiffs are, and were during May, 1915, and for a number of years prior thereto had been, the owners of the lot of land described in the complaint. It has no frontage on any public highway. The only means of ingress and exit to or from the property is over a right of way. This right of way is situate on the westerly side of the land of defendant which lies immediately to the east of the land of plaintiffs. The right of way is about twenty-one feet wide and extends all along the westerly line of defendant's land, which is two hundred and sixty-eight feet long. The fee of the land subject to the easement of the right of way was and is in the defendant. Immediately east of the land of plaintiff lies the railroad of defendant, situated on land owned by the defendant. On May, 1915, defendant laid a spur-track from said railroad along the right of way of plaintiffs. Said spur-track was wholly on the lands of defendant. The plaintiffs complained that their right of way had been seriously impaired by reason of the construction and operation of the spur-track, and that their adjoining property had been damaged by such impairment of the right of way.

We will not attempt to answer all the arguments in appellant's brief which are directed against numerous supposititious theories which it suggests of plaintiff's case. The law is settled that damages may be recovered for an interference

with an easement of right of way whereby property of plaintiff has been depreciated in value. (*Reardon* v. *San Francisco,* 66 Cal 492, [56 Am. Rep. 109, 6 Pac. 317]; *Eachus* v. *Los Angeles etc. Ry. Co.,* 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750].)

There is ample evidence in the record to sustain a finding of such interference by the jury.

Appellant states in its brief that the plaintiffs and the court undertook to try the action upon the basis that the defendant had no right to enter upon the right of way and that any entry thereon would be an infringement of the easement, and it is argued that the instructions to the jury should have contained a statement that there must have been a "material" interference or a "substantial" impairment of the right of way before the plaintiffs could recover. This point is made in a number of ways by the appellant. We see no force in this objection to the instructions. On the contrary, the court instructed the jury that the Railroad Company "had the right to lay a track along said strip of land or otherwise use the same unless the laying of said track on, or otherwise using said strip of land, would destroy or impair its use for passage and repassage in the plaintiffs." The court also instructed the jury "that the plaintiffs have not, nor did they have, an exclusive right of passage over said strip of land, but the defendant has and at all times had as much right to pass over the strip of land in question as had the plaintiffs." In the light of these and similar instructions, it would seem that the objections of defendant that its rights as owner of the fee were not properly placed before the jury are without merit.

We do not see any merit in appellant's contention that merely the laying of the tracks and not the operation of the trains thereon should have been considered by the jury in assessing damages. The injury complained of was the impairment of plaintiffs' right of way by the construction and operation of a railroad. The laying of the track was but a part of this enterprise. The case of *McDougald* v. *Southern Pacific R. R. Co.,* 162 Cal. 1, [120 Pac. 766], holds that damages in such a case as this is the difference between the value of the land as it was just before the defendant took possession and its value immediately after the works of the defendant were completed and *put in operation.* It would be strange indeed

if only the laying of the tracks was to be considered and the operation of the trains thereon—which is the real source of the impairment of the right of way—and the consequent injury to plaintiffs was to be ignored. This is not, as contended by appellant, a denial of its right of passage over its own land. Such right must be exercised so as not to obstruct the right of the plaintiffs (*Galletly* v. *Bockius,* 1 Cal. App. 724, [82 Pac. 1109]; *Hoyt* v. *Hart,* 149 Cal. 722, [87 Pac. 569].) Whether or not the spur-track of defendant was so operated as to materially interfere with the right of passage in the plaintiffs was a matter for the jury under proper instructions, after having before it all the facts relating to the extent of defendant's interference with said right of way. Therefore, evidence of cars left standing on the tracks as an obstruction to plaintiffs' right of passage, the number of cars operated daily—during the operation of which there was evidence that plaintiffs' passage to and from their property was impossible—and the increased danger to life and limb which attended the exercise of plaintiffs' right of passage, and similar matters, was properly admitted.

The case of *Williams* v. *Southern Pacific R. R. Co.,* 150 Cal. 624, [89 Pac. 599], reviews quite extensively the authorities on the subject, and decides that the construction of a railroad is an act permanent in its nature, and that where injury is done thereby, all damages, past and prospective, are recoverable in one action. (See, also, *McDougald* v. *Southern Pacific R. R. Co., supra.*) The measure of damages is the difference between the value of plaintiffs' property before the construction and operation of the railroad and its inherent value thereafter. (*Eachus* v. *Los Angeles etc. Ry. Co.,* 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750].)

If there were any errors committed by the trial court in the admission of evidence regarding noise, etc., upon the question of the amount of the damages (which we do not decide), we think such errors were not prejudicial because the matter is fully and carefully covered in a number of the instructions, which lay down in detail the law governing the elements of damage to be considered, as stated in the case of *Eachus* v. *Los Angeles etc. Ry. Co.,* 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750].

The case of *St. Louis & K. C. R. R. Co.* v. *Donovan,* 149 Mo. 93, [50 S. W. 286], is in point on this question, and holds

that when evidence of such matters has been erroneously admitted in a case similar to the present one, such error is not prejudicial to the defendant when the court instructs the jury correctly as to the true measure of damages in clear and unmistakable terms. We are of the opinion that this has been done in the instructions given in the case at bar.

The other points made by appellant we think are without merit.

The judgment is affirmed.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.