Argued at Pendleton October 30; modified November 21, 1933

NICKELSEN *v.* KILBUCK ET AL.

(26 P. (2d) 828)

*Teunis J. Wyers,* of Hood River, for appellant.

*A. J. Derby,* of Hood River, for respondents.

RAND, C. J. The plaintiff, as assignee, brought this suit to foreclose two farm laborers' liens upon a crop of apples and pears raised on the premises of the

defendants, J. H. and Emma Kilbuck, in Hood River county, Oregon.

The complaint alleged all the facts essential to the validity of the liens and that they were first liens and entitled to priority over all claims and liens of the defendants. All the defendants defaulted except the Apple Growers Association, a corporation which conducts its business in Hood River. It answered, setting up "that said fruit is now in process of sale with other fruit, with which it has been pooled; admits that the proceeds thereof are under the control of the defendant, and will come into its hands when said pools are closed". The answer further alleged that said defendant "claims an interest in said fruit to the extent of said defendant's advances and charges as a factor in handling and marketing said fruit for the defendant J. H. Kilbuck, and denies that its claim is inferior to the claim of this plaintiff".

The labor for which the liens were claimed was performed by plaintiff's assignors in the year 1931, and there is no dispute as to the amount due. The learned trial judge rendered judgment and decree against the Kilbucks for the amount claimed under the liens with interest, costs and attorney's fees, but decreed:

"That as between the plaintiff, C. D. Nickelsen, and the defendant Apple Growers Association, the said defendant Apple Growers Association have the prior right and claim to the gross proceeds of said fruit now in its hands, and grown during the year 1931, to wit: 647 boxes of apples and 1,424 boxes of pears, to the extent of its claim herein, fixed by the Court as $2,386.86;

"That out of the net proceeds of said fruit above mentioned, after deducting said sum of $2,386.86, now or to come into the hands of said Apple Growers As-

sociation, the plaintiff, C. D. Nickelsen, have a prior claim and right under his said lien herein to the extent of the judgment herein granted him; and all said proceeds in excess of said sum of $2,386.86, shall be by the said defendant Apple Growers Association delivered to the plaintiff herein.''

From this decree, the plaintiff has appealed.

Section 51-801, Oregon Code 1930, under which plaintiff's liens are claimed, provides that:

''Any person who shall * * * do or perform for another any labor or service upon any farm land or orchard in tilling the same, * * * during the year in which said work or labor was done or said service furnished, * * * shall have a lien upon all such crops as shall have been raised upon all or any of such land or in any of such orchard for the contract price for such work or labor or service, or for the reasonable value thereof if there be no contract [price], and said lien shall attach to said crop from the date of the commencement of such work, labor or service.''

It also provides:

''If said crop, or any part thereof, shall have been sold prior to the filing of said lien, or possession delivered to an agent, broker, cooperative agency, or other person, firm or corporation to be sold or otherwise disposed of and its identity lost or destroyed, or said crop commingled with other property so that it can not be segregated, and if said purchaser, agent, broker, cooperative agency or other person, firm or corporation was notified of the filing of said lien by being served with a certified copy thereof, then said lien shall attach to the proceeds of the sale of said crop or part thereof remaining in the possession of said purchaser, agent, broker, cooperative agency or other person, firm or corporation at the time of the notice aforesaid, and/or to any proceeds of such sale that may thereafter come into the possession of any or either of such persons, firms or corporations, and said lien shall be as effective against said proceeds as

against the crop itself. The lien created by the provisions of this section shall be a preferred lien, and shall be prior to all other liens or encumbrances.''

The sole question in the case is whether these farm laborers' liens upon the proceeds realized from the sale of the crop, as asserted by plaintiff, or the defendant Association's lien, as contended by defendant, are entitled to priority.

The controversy in respect thereto grows out of the different constructions which the parties place upon the words ''any proceeds'', as used in the statute above quoted, plaintiff contending that the statute means the gross proceeds realized from the sale of the crop, while the defendant Association contends that it means the net proceeds; that is, whatever sum may remain after its claim has been paid in full.

Before referring more particularly to the statute, it is well to consider the nature and character of the liens involved in the controversy. Plaintiff's liens are statutory liens unknown at common law. The defendant Association contends that its lien is what was recognized at common law as a factor's lien; that is, that it has a general lien covering the balance of the account due it from the Kilbucks. So far as the evidence shows, its rights seem to be wholly independent of the statute. It is a corporation organized and existing under the laws of this state governing the incorporation and organization of private corporations. It was not organized under the cooperative marketing act of this state and was in existence long prior to the passage of that act. It does not use the name ''cooperative'' as part of its corporate name as it would be authorized to do by section 25-822, Oregon Code 1930, if it had complied with the provisions of the co-

operative marketing act of this state—sections 25-801 to 25-827, both inclusive, Oregon Code 1930. Its rights, so far as the evidence shows, arise wholly from the contracts between itself and its members, of whom J. H. Kilbuck is one. Under the terms of its contract with J. H. Kilbuck, a copy of which is in evidence, the contract seems to be merely an agency contract and not a contract of sale, and we shall assume for the purposes of this case that, by virtue of that contract and of the relations and dealings between the parties, the Association has a full and complete common law factor's lien upon the proceeds which, the answer admits, was in its hands at the time the suit was brought. This conforms to what it contends for and what it alleges its rights to be in its answer, and hence that it has a general lien covering the balance of account due it from the Kilbucks.

The question, therefore, resolves itself into a controversy between the holder of a common law factor's lien and one claiming under the statutory farm laborers' lien. Hence, the Association has a lien on the fruit or its proceeds for all advances made by it and for its commissions and lawful charges, but is not to be considered as the owner beyond the extent of its lien and, under the common law rule, upon the sale of the crop and receipt of the proceeds, it would have the right to apply the proceeds in satisfaction of its claim and would be bound to account to the Kilbucks for any sum then remaining in its hands. In other words, if the matter was controlled by the common law alone, the Association had a lien upon the goods in its possession and upon the proceeds realized therefrom for the amount of its lawful claims against the growers until its claims were paid and it would

have the right, if there is no statute providing otherwise, to pay itself before being compelled to account for the balance to the growers or any third party.

It has uniformly been held that one of the characteristics of common law liens, which arise upon considerations of justice and policy by operation of law, as distinguished from liens created by contract or statute, that the former, as a general rule, attach to the property itself without any reference to ownership, and override all other rights in the property, while the latter are subordinate to all prior existing rights therein. *Sullivan v. Clifton*, 44 N. J. Law 324, (26 Atl. 964, 39 Am. St. Rep. 652, 20 L. R. A. 719 and note); *Shaw v. Webb*, 131 Tenn. 173 (174 S. W. 273, Ann. Cas. 1916A, 626, L. R. A. 1915D, 1141); 17 R. C. L., p. 609. Hence, under this rule, the Association's lien would be superior to the liens of plaintiff if it were not for the provision in the statute that a farm laborer's lien "shall be a preferred lien, and shall be prior to all other liens or encumbrances". Upon that question, therefore, the statute controls unless the plaintiff's liens are limited to the net proceeds, and are not liens upon the gross proceeds realized from the sale of the crops.

 In construing this statute, section 51-801, it, like all other statutes, must be construed as a whole and effect be given to all its parts if reasonably possible. When so construed, it seems plain that the statute means gross proceeds and not net proceeds. The statute expressly declares that said lien "shall be as effective against said proceeds as against the crop itself", and also expressly gives a lien "upon all such crops as shall have been raised upon all or any of such land". Obviously in many instances a lien against a part of

the proceeds will not be as effective as a lien upon the whole crop. In the case at bar the lien claimed by the Association is upon the gross proceeds and, if entitled to priority, will absorb the entire proceeds and leave nothing for plaintiff's liens to operate upon, and, hence, the provision of the statute that a farm laborer's lien against the proceeds shall be as effective against said proceeds as against the crop itself would be rendered nugatory if the Association's contention could be upheld. It will be seen, therefore, that, if this clause of the statute is to be given the effect intended, the words "any proceeds" must necessarily mean gross, and not net, proceeds.

Another reason leading to the same conclusion is that a farm laborer's lien "shall be a preferred lien, and shall be prior to all liens or encumbrances". The lien claimed by the Association is a common law factor's lien which, under the rules of the common law, becomes satisfied and discharged when all lawful charges and claims of the factor have been paid. After payment of such claims, the factor is bound to account to the owner for whatever balance then remains in his hands. Hence, if this statute means net, and not gross, proceeds, the only thing then remaining for plaintiff's liens to operate upon is the balance remaining in the hands of the factor and not a factor's lien over which the statute gives priority to plaintiff's liens. In granting a preference over other liens, the statute was referring to existing liens. It could have had no reference to a previously existing lien that had already been discharged, for otherwise there would have been nothing for that clause of the statute to operate upon. From this, it necessarily follows that, in using the words "any proceeds", the statute must mean the gross pro-

ceeds in the hands of a factor against which he has a lien and not what remains after his lien has been discharged; otherwise there would be no lien upon which the statute giving priority to a farm laborer's lien could apply. We hold, therefore, that the words "any proceeds", as used in the statute, mean all proceeds realized from the sale of a crop against which a different kind of a lien is claimed. This, we think, conforms to the intention of the legislature and gives to the word "any" its natural and ordinary meaning. That the legislature had power to declare a farm laborer's lien superior to a factor's lien is clear. *Texas Bank & T. Co. v. Smith,* 108 Tex. 265 (192 S. W. 533, 2 A. L. R. 771).

For the reasons stated, the decree of the court below in so far as it gave priority to the lien of the defendant Association over plaintiff's liens must be modified. Under the statute, plaintiff's liens have priority over the lien claimed by the defendant Association. In all other respects, the decree appealed from will be affirmed, plaintiff to have costs in this court and in the court below.

CAMPBELL and BAILEY, JJ., not sitting.