[Civ. No. 10754.  First Appellate District, Division Two.—March 21, 1938.]

In the Matter of the Estate of JAMES FRAZER, Deceased. JOHN DE MATTOS, Appellant, v. J. C. McGOVERN, Administrator, etc., Respondent.

Russell P. Tyler for Appellant.

Ross & Ross and A. H. McGovern for Respondent.

NOURSE, P. J.—This is a companion case to *de Mattos* v. *McGovern,* this day decided (*ante,* p. 429 [77 Pac. (2d) 522]).  To the petition for final distribution de Mattos filed objections and a prayer to the probate court to specifically enforce the oral agreement alleged in the complaint in the former action. ▮ He did not file any claim against the estate and made this his first appearance in the probate proceeding long after the time for filing had expired.  The appellant concedes that his pleading states no cause other than one for specific performance of the alleged agreement, and states that he knows of no rule of law which would require him to sue for a money judgment in lieu of enforcing his rights under the agreement.  In *Morrison* v. *Land,* 169 Cal. 580, 586 [147 Pac. 259], it is said: "it is elemen-

tary that where, as here, the primary right of a party is *legal* in its nature, as distinguished from *equitable,* and one for which the law affords some remedy, as here damages by way of compensation for breach of contract, a proper exercise of the equitable jurisdiction will not give equitable relief in any case where the legal remedy is full and adequate and does complete justice''. Since the probate court has no *primary* jurisdiction in equity it is powerless to grant equitable relief where the party has, through his fault alone, failed to pursue the legal remedy afforded him.

For these reasons, and for the reasons given in the companion case, the order is affirmed.

Sturtevant, J., and Spence, J., concurred.