[Civ. No. 19555. First Dist., Div. Three. Apr. 5, 1962.]

ELLA M. HORSTMANN, Plaintiff, Cross-defendant and Respondent, v. GEORGE SHELDON, Individually and as Executor, etc., Defendant, Cross-complainant and Appellant; DORIS SHELDON et al., Defendants and Appellants.

Joseph D. Martin, M. F. Hallmark and T. A. Richey, Jr., for Defendant, Cross-complainant and Appellant and for Defendants and Appellants.

Crozier C. Culp for Plaintiff, Cross-defendant and Respondent.

SALSMAN, J.—The plaintiff brought this action to establish a trust in real and personal property held in the estate of her deceased mother, Bertha Horstmann. The complaint alleged that ''on numerous occasions during the period of approximately 20 years prior to the death of decedent, decedent urged and requested plaintiff to reside with decedent and care for decedent; that decedent offered to plaintiff that if plaintiff would so reside with and care for decedent and if plaintiff would not undertake to obtain regular gainful employment outside the home of decedent, decedent would provide for

plaintiff a home during the lifetime of decedent and would by Will leave the home of decedent, including the real property upon which it was situated, together with the furniture and furnishings therein, to plaintiff; that in particular decedent offered to so leave to plaintiff the aforesaid premises popularly described as 2718 Hillegass Avenue, Berkeley, California and such furniture and furnishings therein as belonged to decedent.'' The complaint further alleged that ''plaintiff accepted such offers and proposals, and each of them, and did all things by her required to be done in compliance therewith; that in connection therewith plaintiff refrained from undertaking any general employment outside the home and resided with decedent and cared for her and for her property for many years immediately and continuously prior to and up to the time of the death of decedent; that during all of the aforesaid period of time decedent reiterated the aforesaid promises on numerous occasions.'' Plaintiff further alleged that she received no compensation for her services, and breach of the alleged agreement appears from plaintiff's further allegation that the decedent by her will named the defendant George Sheldon sole devisee and legatee of her entire estate and the executor of her will.

The answer denied the existence of the contract and affirmatively asserted that the plaintiff had been entirely supported by the decedent during her lifetime. As a separate defense the answer asserted that the complaint did not state a cause of action. The defendant Sheldon also filed a cross-complaint seeking recovery of an automobile and certain personal property alleged to have belonged to the decedent but concealed and converted by the plaintiff. The action went to trial on the issues framed by the complaint, answer and cross-complaint, and the answer to the cross-complaint.

The evidence established that the decedent Bertha Horstmann had five daughters, Frieda Adams, Emma Rasmussen, Henrietta Clark, the plaintiff Ella Horstmann, and Doris Sheldon. The family resided at various places in California. The father died in 1941. The decedent Bertha Horstmann was 93 years of age at the date of her death, and at the time of her death the family resided at 2718 Hillegass Avenue, Berkeley. All of the daughters except the plaintiff married and established homes of their own, although Frieda Adams returned to the family home because of the death of her husband, and Emma Rasmussen also returned to the family home and resided there from time to time due to her own

serious illness. At the time of trial Henrietta Clark was 66 years of age, and the plaintiff Ella Horstmann was 63 years of age. The age of the other daughters does not appear, although it does appear that Frieda and Emma were older than the plaintiff and Doris younger than the plaintiff.

In support of the claimed agreement plaintiff testified that her mother promised her ''[t]hat if I never married and stayed home and took care of her, she would give the home to me as it was'' and that her mother repeatedly asked her not to leave the family home but to remain and care for her during her old age. Several witnesses testified that from time to time the decedent had said she intended to leave the home to the plaintiff. Five prior wills of the decedent were introduced in evidence and in each of them some provision was made for the plaintiff.

The plaintiff and several witnesses testified to extensive personal services rendered by plaintiff to her mother, including nursing and personal care, cooking, housework, serving meals, gardening, cutting wood, house repairs, and a multitude of other duties and responsibilities relating to the premises where the parties lived.

The trial court found the existence of the contract as alleged by plaintiff, and that plaintiff had fully performed her part of the bargain but that the decedent had not performed her part of the agreement. The judgment impressed a trust upon the home property for the lifetime of plaintiff and also allowed her the life use of certain personal property.

All of the defendants appeal from the judgment.

The chief contention of the defendants is that the evidence is insufficient to support the judgment. The major portion of their brief is devoted to an extensive review of the evidence and comments of counsel concerning its significance. The record, however, is replete with evidence to support the making of the agreement between plaintiff and her mother and the full performance of the contract by plaintiff. Under long established rules it is not for this court to review the evidence and determine its weight and sufficiency. ■ Where, as here, there is substantial evidence in the record to support the judgment it will not be disturbed on appeal in the absence of some error requiring reversal on other grounds. (*Crawford v. Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183] ; *Estate of Arstein*, 56 Cal.2d 239 [14 Cal.Rptr. 809, 364 P.2d 33].)

■ The defendants also urge that no claim against the estate of Bertha Horstmann was filed by the plaintiff and

therefore the complaint does not state a cause of action, citing *Chahon* v. *Schneider*, 117 Cal.App.2d 334 [256 P.2d 54]; *De Mattos* v. *McGovern*, 25 Cal.App.2d 429 [77 P.2d 522]; *Estate of Frazer*. 25 Cal.App.2d 434 [77 P.2d 525]; *Palmer* v. *Phillips*, 123 Cal.App.2d 291 [266 P.2d 850]. There is no merit in this contention, however. The plaintiff's suit here is not one for the recovery of damages for breach of contract, nor in quantum meruit for the value of her services. Plaintiff's suit is in equity for the purpose of enforcing her contract by having the defendants declared trustees of the described property for plaintiff's benefit. She seeks no relief at law but only in equity, and under such a pleading no claim against the estate of the decedent need be filed.

One of the questions presented by this appeal is whether our statute of frauds (Civ. Code, § 1624, subd. 6; Code Civ. Proc., § 1973, subd. 6) bars the enforcement of plaintiff's contract. We have concluded that it does not. The statute provides: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: . . . 6. An agreement which by its terms is not to be performed during the lifetime of the promisor, or an agreement to devise or bequeath any property, or to make any provision for any person by will."

The allegations of plaintiff's complaint and the evidence received by the trial court pursuant thereto were sufficient to estop defendants from asserting the bar of the statute to defeat plaintiff's contract. *Monarco* v. *Lo Greco*, 35 Cal.2d 621 [220 P.2d 737] is the controlling authority on this subject. There it was said at page 623: ". . . The doctrine of estoppel to assert the statute of frauds has been consistently applied by the courts of this state to prevent fraud that would result from refusal to enforce oral contracts in certain circumstances. Such fraud may inhere in the unconscionable injury that would result from denying enforcement of the contract after one party has been induced by the other seriously to change his position in reliance on the contract (*Wilk* v. *Vencill*, 30 Cal.2d 104, 108 [180 P.2d 351]; [and many other citations]), or in the unjust enrichment that would result if a party who has received the benefits of the other's performance were allowed to rely upon the statute. (*Foster* v. *Maginnis*, 89 Cal. 264, 267 [26 P.2d 828]; [and many other citations].)"

In this appeal, as in *Monarco* v. *Lo Greco, supra*, both elements are present. At the time of trial, the plaintiff Ella

Horstmann was 63 years of age; the understanding or agreement between plaintiff and her mother commenced about 1926 or 1927 and since that date to the date of her mother's death plaintiff had been engaged in the performance of her part of the bargain; many of the years of her youth and all of the years of her maturity were spent in the care and maintenance of her mother, as the trial court found. The agreement is breached at a time when plaintiff is approaching the later years of her life. It can hardly be said that to permit this would not result in unconscionable injury to the plaintiff, or the unjust enrichment of the defendant George Sheldon who by the will of Bertha Horstmann is the sole devisee of the property promised to the plaintiff.

 Unless the plaintiff is permitted to pursue her remedy in a court of equity she must be relegated to an action at law for damages for the breach of her contract, or pursue her quasi-contractual remedy for the value of services rendered, and neither is adequate for the breach of a contract to leave property by will in exchange for services of a peculiar nature involving the assumption or continuation of a close family relationship. (*Monarco* v. *Lo Greco, supra,* p. 626; *Jones* v. *Clark,* 19 Cal.2d 156 [119 P.2d 731]; *Wolfsen* v. *Smyer,* 178 Cal. 775 [175 P. 10]; *Ward* v. *Wrixon,* 168 Cal.App.2d 642 [336 P.2d 640]; 7 U.C.L.A. L.Rev. 132.)

 The defendants also complain that they were not granted relief on their cross-complaint for the alleged conversion by plaintiff of an automobile belonging to the decedent. They point to statements made by the trial judge in his memorandum opinion to sustain their contention that they are entitled to such a judgment. In its findings and judgment, however, the court ruled against defendants' contention and we must sustain this portion of the judgment also.

 The statements made by the trial judge in his memorandum decision constitute his opinion at the time, but are not a part of the findings or judgment. (*McClory* v. *McClory,* 38 Cal. 575; *Fowler* v. *Security-First Nat. Bank,* 146 Cal. App.2d 37 [303 P.2d 565]; *Gantner* v. *Gantner,* 39 Cal.2d 272, 278 [246 P.2d 923].) The record contains substantial evidence to support this portion of the judgment. In a prior will, the decedent stated she had endorsed the ownership certificate to the car in anticipation of her death, and this fact, together with the testimony of plaintiff, would support an inference that the decedent intended to make a gift of the car to the plaintiff.

There is likewise no merit in defendants' final contention that the judgment is ambiguous and that defendants cannot know from the judgment whether the life estate granted therein is merely for plaintiff's occupancy, or if plaintiff's occupancy is exclusive, or if plaintiff be entitled to receive rent or other income from the property. The judgment states that a trust is imposed on the property known as 2718 Hillegass Avenue, Berkeley, ''providing a life estate in said real property in plaintiff, permitting her to live and reside in and upon the said property during her lifetime . . .'' ▆▆▆ It is settled that, in the absence of some special provision, and there is none here, a declared life estate is unqualified as to use and occupancy and is exclusive as to possession. (1 American Law of Property, § 2.16, p. 129; *Gordon* v. *Cadwalader,* 172 Cal. 254 [156 P. 471] ; *Thompson* v. *Pacific Electric Ry. Co.,* 203 Cal. 578 [265 P. 220] ; *Arighi* v. *Rule & Sons, Inc.,* 41 Cal.App.2d 852 [107 P.2d 970].) Since there is no express limitation on the rights of plaintiff as a life tenant, it follows that she is entitled to the exclusive and undisturbed possession and enjoyment of the property during the continuance of her life estate, substantially the same as if she were the owner of the fee.

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied April 24, 1962, and appellants' petition for a hearing by the Supreme Court was denied May 29, 1962.